Filed May 24, 1892.

———◆———

No. 15,806.

## MOYER *v.* THE FORT WAYNE, CINCINNATI AND LOUISVILLE RAILROAD COMPANY.

CONTRACT.—*Railroad.*—*Change of Ownership.*— *Foreclosure of Mortgage.*— *Non-Liability of New Company—Equitable Claim.*—The plaintiff entered into a contract with two railroad companies to build a joint passenger station for them, each of the companies to pay a specified sum and he to pay a part of the cost himself, though there was nothing to show that he was to have any interest in the building when completed. ·One of the

companies, which failed to pay as it had agreed to do, had a mortgage upon all of its property when the contract was entered into with the plaintiff. The mortgage was foreclosed. The bondholders became the purchasers at the foreclosure sale and reorganized the company.

*Held*, that the new company, although it used the station, was not liable to the plaintiff.

*Held*, also, that an agreement between the bondholders that a certain sum should be retained for the payment of a specified claim and other small claims, as might be required, the claim of the plaintiff not being specially designated, created no obligation in his favor.

*Held*, also, that even if an obligation was created in favor of the plaintiff, he would have no right to recover upon it, as it does not appear that the sum was not properly used to pay the claim specified or other claims having rightful precedence of the plaintiff's claim.

PLEADING. — *Complaint — Specific Averments Control. — Corporation.* — Where a complaint charged that the defendant is the same corporation under a different name as the one that entered into a contract with the plaintiff, but the specific averments of the complaint showed that the defendant was a new corporation, the latter averments must control, and there can be no recovery upon the theory that the defendant corporation is the same as the one with which the plaintiff contracted.

From the Wayne Circuit Court.

*U. D. Cole, H. C. Fox* and *J. T. Robbins,* for appellant.

*W. E. Hackedorn, J. H. Mellett, R. E. Bell* and *S. R. Morris,* for appellee.

ELLIOTT, J.— The appellant alleges in his complaint that the appellee is a railway corporation organized under the laws of this State; that it is the same corporation under a different name, and holding the same property as the Fort Wayne, Muncie and Cincinnati Railroad Company; that the company last named executed a mortgage on the 9th day of June, 1889, to Alfred P. Edgerton and Jesse L. Williams, trustees, to secure the payment of one million eight hundred thousand dollars, covering all the property of the company; that this mortgage was subsequently foreclosed and a sale of the property made upon the decree; that the purchasers of the property were bondholders and re-organized the company; that prior to the re-organization of the company by the purchasers at the foreclosure sale, the appellant entered into a

contract with the Fort Wayne, Muncie and Cincinnati Railroad Company, and the Cincinnati, Hamilton and Indianapolis Railroad Company for the construction of a joint passenger station at the junction of the two roads at Connersville; that by the terms of the agreement the appellant was to receive from each of the companies seven hundred and fifty dollars, and was himself to pay one thousand dollars toward the construction of the station; that he performed his part of the agreement and erected the building as provided by the contract; that the building was accepted by the companies and they entered into possession of it on the first day of September, 1874; that neither the appellee nor its predecessor has paid the sum agreed upon, nor any part thereof. It is alleged, in general terms, that the sum of one hundred and fifty thousand dollars was set aside to pay sundry claims, and that the claim of the appellant was among those so provided for, but there is no allegation, directly or indirectly, showing by whom the sum named was set apart. The written contract, made part of the complaint, was executed between the persons holding the bonds which the mortgage was executed to secure, and it provides that the sum named "shall be retained by the company, which may be used by the board of directors in settlement of the claim of the Liverpool and London and Globe Insurance Company, and for other small claims so far as may be required."

It is a familiar rule of pleading that specific averments control general ones. *Reynolds* v. *Copeland*, 71 Ind. 422. See cases cited Elliott's App. Prac., section 656, p. 588, note 1. The general averment that the appellee is the same corporation as the one that entered into the contract with the appellant, gives way to the specific averments which show that the appellee is a new corporation organized by the purchasers at the foreclosure sale. There can, therefore, be no recovery upon the theory that the corporation here sued is the same as the one with which the appellant contracted.

The provision in the contract between the bondholders

which we have quoted does not bind the appellee to pay the appellant any sum whatever. It simply authorizes the diroctors to use that sum as they may deem necessary in payment of claims. But if it were conceded that the provision does create an obligation in favor of the appellant, still there is no right to recover upon it, because it does not appear that the sum was not properly used to pay the claim specified, or other claims having rightful precedence of the appellant's claim.

We understand counsel, however, to place their right to a recovery mainly upon the ground that the facts show an equitable claim. Their contention is that as the new company used the building erected by their client, it must pay the debt of its predecessor. This contention can not prevail. The old company was the debtor of the appellant, but the new did not become liable for that debt. A corporation formed by bondholders who purchase at a sale upon a decree, foreclosing the mortgage securing their bonds does not become liable for the debts of the mortgagor.

It is assumed by counsel that the appellee is liable in equity because it took possession of the appellant's property. But this assumption is one that can not be supported. There is nothing in the complaint showing that the appellant owned the station ; on the contrary, the facts stated show simply that the corporation with whom the appellant contracted, promised to pay him a designated sum of money, and for that sum became his debtor. The cases of *Lake Erie, etc., R. W. Co.* v. *Griffin*, 107 Ind. 464, *Bloomfield R. R. Co.* v. *Grace*, 112 Ind. 128, and cases of like character are not in point, for in those cases possession of the complainant's property was taken and held by the railroad company. This case is in no respect different from that wherein one man agrees to build a house for another for which that other promises to pay a given sum, and a third person becomes the owner of the house by purchase at a sale made upon a decree foreclosing a prior mortgage. In the

case supposed, we think it beyond controversy that the purchaser could not be held for the debt of the mortgagor to the builder of the house, and the principle which rules the supposed case must determine the actual one.

As the appellant has no cause of action the judgment must be affirmed upon the assignment of cross-errors. See authorities cited. Elliott App. Proc, sections 417, 418.

Judgment affirmed.

Filed June 15, 1892.