CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* CYR.

[No. 6,307. Filed January 6, 1909.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 21.
2. PLEADING.— *Complaint.*— *Allegations.*— *General.*—*Specific.*—The specific, control the general allegations in a complaint. p. 21.

3. PLEADING.— *Complaint.*— *Railroads.*—*Highway Crossings.*—*Contributory Negligence.*—A complaint alleging that plaintiff, while driving in a buggy, approached a highway crossing, that as he approached he stopped, looked and listened but neither saw nor heard a train, that when his horse's head was within a few feet of the track and plaintiff had passed an embankment obstructing his vision in that direction, he saw a train rapidly approaching, that no whistle was sounded nor bell rung until the train was within seventy feet of the crossing, and that the horse became unmanageable and was struck by the train, to plaintiff's damage, without any fault on plaintiff's part, does not show that plaintiff was guilty of contributory negligence. p. 21.

4. RAILROADS.—*Highway Crossings.*—*Contributory Negligence.*— *Question for Jury.*—Whether the plaintiff's conduct in attempting to cross a railroad track was that of a reasonably prudent man is a question of fact, and ordinarily for the jury. p. 23.

5. TRIAL.—*Instructions.*—*Railroads.*—*Crossings.*—*Travelers.*—*Care.* —An instruction that it is the duty of a traveler, in approaching a railroad crossing, to use his faculties to his utmost ability, is erroneous, ordinary care under the circumstances being the test. p. 23.

6. TRIAL.—*Instructions.*—*Railroad Crossings.*—*Care in Approaching.*—An instruction that the railroad crossing in question was peculiarly dangerous, and that the plaintiff was required to use extraordinary precaution in attempting to pass over is bad. p. 24.

7. TRIAL.—*Instructions.*—*Railroad Crossings.*—*Care.*—*Question for Jury.*—An instruction that if the plaintiff, in approaching the railroad crossing, could, at any point, have seen or heard the approach of the train, and failed to do so, he could not recover, is bad, the question of ordinary care being for the jury. p. 24.

8. TRIAL.—*Instructions.*—*Duplication.*—It is not erroneous to refuse instructions substantially covered by those given. p. 24.

9. RAILROADS.— *Crossings.*— *Travelers.*— *Negligence.*— *Evidence.* — *Question for Jury.*—Where the evidence shows that the plaintiff, driving in a buggy, at 125 feet from the crossing, listened for a train, that, at sixty feet, he stopped, looked and listened, and then drove toward the crossing, that after passing an obstruction and when within eight feet of the track he saw the train coming, frightening his horse, to plaintiff's damage, the questions of negligence and contributory negligence are for the jury. p. 24.

10. NEW TRIAL.—*Same Result.*—*Appeal.*—The Appellate Court will not order a new trial, in a case, where the result of another trial would not be different. p. 25.

From Benton Circuit Court; *Joseph M. Rabb,* Judge.

Action by Zephyr Cyr against the Cleveland, Cincinnati,

Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. M. Snyder,* for appellant.

*Burton B. Berry,* for appellee.

COMSTOCK, P. J.—Appellee sued the appellant to recover damages to appellee's horse and buggy occasioned by being struck by appellant's train on a public highway crossing in Benton county, Indiana.

A demurrer for want of facts was overruled, the cause put at issue by a denial and a trial had, resulting in a verdict and judgment for appellee for $188. The jury returned with their verdict answers to interrogatories. Appellant's motions for judgment on the answers to the interrogatories and for a new trial were overruled.

1. Of the specifications of error assigned, appellant discusses the first, second and sixth. The others are deemed waived.

Said first and second specifications challenge the sufficiency of the complaint. Against the sufficiency of the complaint, it is urged that, although it alleges that appellee was free from fault contributing to the accident, the specific facts alleged show that he was guilty of contributory negligence.

2. When the specific allegations of facts contradict the general allegations of fact, the specific allegations control.

Conceding the legal proposition, we can determine whether appellant's claim is well taken, by setting out the parts of the complaint pertinent to this question. The com-

3. plaint shows that on the day of the accident the plaintiff was driving his horse toward appellant's railway track, extending southeast and northwest, which crossed the public highway, making an acute angle with said highway; that as plaintiff approached said crossing he checked his horse, and carefully looked in both directions along said track

and listened for the approach of a train, and continued to look and listen for any train until he drove upon said defendant's right of way; that when he drove upon the right of way at a point where his horse's head was within a few feet of the track, and as soon as he was past an embankment which prevented him from seeing a train coming from the northwest, he looked and saw a passenger-train, within seventy-five or one hundred feet of the crossing, rapidly approaching from the northwest; that at said point where plaintiff saw said train, and was aware of it for the first time, his horse, which was reasonably gentle, became frightened and unmanageable on account of the near approach of said train, the rapidity of its approach, and because the locomotive whistle was carelessly and negligently sounded, by those in charge of said locomotive, when within seventy feet of said crossing, and which was so sounded after plaintiff had discovered the approach of the train; that, as a consequence thereof, plaintiff was unable to stop his horse before it reached said railway track, although he endeavored to his utmost so to do; that the defendant, in approaching said crossing, and when not less than eighty nor more than one hundred rods from said crossing, negligently and carelessly failed and omitted to sound the whistle on said locomotive engine three times, and carelessly, negligently and unlawfully omitted to ring the bell attached to said engine continuously for not less than eighty rods nor more than one hundred rods from said crossing, until said engine had fully passed said crossing; that the defendant, through its servants operating said train, unlawfully failed and neglected so to sound the whistle of said engine, and ring the bell attached to the same, for another public crossing eighty rods to the northwest of the crossing toward which plaintiff was traveling; that, by reason of an embankment, bushes, trees and other obstructions between said highway, over which plaintiff was traveling, and the said railway track on the north side thereof, plaintiff did not see and was unable to see

the approach of said train, although he diligently looked before passing onto the said right of way; that plaintiff diligently listened for the approach of a train, and did not know of its approach until he was on the right of way, for the reason that said defendant had negligently and carelessly failed to give the statutory signals of an approaching train, as hereinbefore set forth, and that he did not hear the noise made by the train, for the reason that the wind was blowing from the southeast, the train was running down grade, and a damp snow had fallen on the ground and track; that the plaintiff was on the right of way when he saw the train approaching and did not have sufficient time to cross the track, but endeavored to his utmost to stop his horse before reaching the railway track, but was unable to do so, on account of the fright of the horse, caused by the negligence and carelessness of the defendant, as aforesaid, and was unable, by the exercise of reasonable care and prudence, to avoid said injuries.

None of the specific allegations are necessarily inconsistent with the general averment of freedom from fault. Whether the plaintiff's conduct, at the time of the accident, was that of a reasonably prudent person under the circumstances was a question of fact for the jury. *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 223. The demurrer was correctly overruled.

The other questions properly arise on the motion for a new trial.

An exception was taken by appellant to the refusal of the court to give instructions six, seven, eight, eleven and twenty-three. Instructions two, six and eight were covered by one, two, four, seven and twenty-five, given.

Instruction seven, refused, would have told the jury that it was the plaintiff's duty as he approached the railway tracks to use his faculties to his utmost ability, to ascertain if a railway train was coming. It was properly refused. It was the duty of appellee to use cau-

tion commensurate with the danger and conditions, not the utmost caution. In an instruction given, the court so charged.

Instruction eight, refused, was as follows: "If you find from the evidence that the crossing where the accident happened was peculiarly dangerous, then I instruct you that the plaintiff was required to use extraordinary precaution to avoid danger, and, failing so to do, your verdict must be for the defendant." The rule is that caution commensurate with the known danger must be exercised. The rule was clearly stated in other instructions given.

Instruction eleven, refused in part, stated the law. The remainder of said instruction and twenty-three, also refused, said that if the plaintiff by looking or listening at any point could have seen or heard the approach of the train, and he failed to do either, then the verdict should be for the defendant. These instructions were correctly refused, for it is a question of fact for the jury to determine whether, under the evidence, care and prudence requires a person approaching a crossing to look and listen at a particular place. It might or might not be negligence for a traveler to fail to look or listen at some designated place, depending upon the circumstances and knowledge and all the conditions shown.

Instruction twenty-four is covered by instruction twenty-five, given at the request of appellant.

The remaining propositions discussed are that the judgment is not fairly supported by the evidence, and is clearly against the weight of the evidence. Upon some of the facts the evidence is conflicting. There is evidence that the statutory signals were not given. Plaintiff lived 100 rods north of the place where the accident occurred. A hedge, a grove of bushes and trees, and an embankment of earth obscured, to a greater or less extent, the view of the railroad at various points along the way traveled

by the plaintiff as he approached the crossing. The morning was foggy. Mist was flying through the air. There were several inches of damp snow on the ground and adhering to the trees and bushes, and the buggy made no noise. The wind was blowing from the southeast. When he went out of his gate he looked for a train, but could not see any. He then went south, and was listening practically all the time. At a point 125 feet north of the track he checked his horse to a walk and listened. At sixty feet he stopped his horse and looked and listened. When his horse was eight feet and plaintiff fifteen feet from the track he looked again, passing from behind an embankment. The horse became frightened and unmanageable, and passed on the track and was struck by appellant's locomotive.

It is ably argued in behalf of appellant that physical facts, evidenced by measurements and photographs, show that if appellee had properly used his senses of sight or hearing he must have known of the approach of the train in time to avoid it. But there is evidence to show that the surface conditions between the time of the accident and the taking of the measurements and photographs had changed, besides the atmospheric conditions, as they existed, are not reproduced. Whatever conflict in the testimony was thus created has been passed upon by the jury adversely to appellant. Another jury might have reached a different conclusion. We cannot say that the verdict was without support in the evidence. The instructions given fairly stated the law.

No complaint is made of the exclusion of evidence. Two trials have been had. It does not appear that a new trial would lead to a result more favorable to appellant.

Judgment affirmed.

Rabb, J., not participating.