## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY *v.* KORBE.

[No. 21,793. Filed November 29, 1910. Rehearing denied April 18, 1911.]

1. CARRIERS.—*Passengers.*—*Interurban Railroads.*—*Regular Stopping Place.*—*Complaint.*—A complaint alleging that as a car of the defendant interurban railroad company upon which plaintiff was riding approached the regular stopping place, one of the passengers thereon gave the usual signal to the conductor to stop said car, that as the car was stopping, plaintiff arose from her seat therein, and that while it was moving very slowly she stepped with one foot upon the running-board of the car, that while so stepping the conductor of the car gave a signal to start,

and that the motorman suddenly started the car, thereby throwing the plaintiff to the ground, injuring her, sufficiently shows that the injury was received at a regular stopping place.   p. 453.

2.   CARRIERS.—*Passengers.—Alighting.—Duty of Carrier.—Instructions.—Jury.*—In an action by a passenger against an interurban railroad company, an instruction that if a car is stopped at a usual stopping place "a passenger desiring to alight has a right to assume that the car will remain standing long enough to enable all   *   *   *   safely to alight," and that the stopping of a car "a reasonable time for a passenger to alight   *   *   *   is not sufficient, but it is the duty of the conductor   *   *   *   to see and know that no passenger is in the act of alighting from such car, or in a dangerous position, before putting the car   *   *   * in motion again," is erroneous in that it makes the carrier an insurer of the passenger's safety instead of requiring the highest degree of care practicable, the question of negligence therein being for the jury.   pp. 453, 455.

3.   APPEAL. — *Erroneous Instructions.—Presumptions.* — The presumption, on appeal, is that an erroneous instruction is prejudicial, and the burden of showing the contrary is on appellee. pp. 453, 457.

4.   CARRIERS.—*Interurban Railroads.—Alighting from.—Care.—Instructions.*—Where a complaint alleged that while the plaintiff —a passenger—was in the act of alighting from defendant interurban railroad company's car, it was suddenly and negligently started, throwing her to the ground, an instruction that if the car was stopped in obedience to a signal, and the plaintiff, using due care, went upon the running-board for the purpose of alighting, and that while so situated the conductor, without notice to her, negligently started the car, thereby throwing her to the ground, without her fault, defendant would be liable, is not erroneous, and is pertinent to the issues.   p. 454.

5.   APPEAL.—*Transfers from Appellate to Supreme Court.—Petition. —Sufficiency.*—Where a petition to transfer a case from the Appellate Court to the Supreme Court has been granted, the sufficiency thereof cannot be questioned on petition for a rehearing. p. 457.

From Clark Circuit Court; *H. C. Montgomery*, Judge.

Action by Mary Korbe against the Louisville and Southern Indiana Traction Company.   From a judgment on a verdict for $1,000 for plaintiff, defendant appeals.   Transferred from Appellate Court under §1394 Burns 1908, subd. 2, Acts 1901 p. 565, §10.   *Reversed.*

*Charles D. Kelso* and *George H. Voight*, for appellant.
*Stotsenburg & Weathers*, for appellee.

JORDAN, J.—As disclosed by appellee's complaint, appellant is a corporation duly organized. It owns and operates an electric street railroad in the city of New Albany, Floyd county, Indiana, and is a common carrier of passengers for hire over its road. It further appears from the complaint that on August 29, 1906, plaintiff became, and was accepted by appellant as a passenger on one of its cars in the city of New Albany; that she became a passenger on said car at the north terminus of the State street line in said city, and desired to be carried as a passenger on the car to the intersection of State and Spring streets in that city, a regular stopping place on signal to the conductor of the car; that as said car reached said regular stopping place, a passenger thereon gave the usual signal to the conductor to stop said car; that the conductor signaled the motorman to stop the car at said stopping place; that as the car was stopping, plaintiff arose from her seat therein, and while it was moving very slowly she stepped with one foot upon the running-board of the car, so that she could quickly alight therefrom when the car should come to a stop; that while plaintiff was so in the act of stepping on the running-board, the conductor in charge of the car negligently signaled the motorman to start the car, and in response to such signal the car was suddenly, and to the plaintiff unexpectedly, started forward with a sudden and unexpected movement thereof, by reason of which plaintiff was thrown to the ground and injured.

The answer was a general denial. A trial by jury resulted in a general verdict in favor of plaintiff; also, answers to a series of interrogatories were returned by the jury. Over appellant's motion for a new trial, judgment was rendered on the general verdict. The errors relied on for a reversal are as follows: (1) Overruling the demurrer to the complaint. (2) Overruling the motion for a new trial.

The complaint is said to be defective, because it does not allege that the place where the accident in question occurred was one where appellant company was required to stop for the purpose of permitting passengers to alight from its cars. This criticism, under the facts alleged, is untenable; for the complaint shows that a signal was given to stop the car upon which plaintiff was a passenger at a regular stopping place. It was at the latter place that the accident happened. Since this place was a regular stopping place on appellant's line, it certainly may be said to be one at which the company was required to stop to receive and discharge passengers from its cars. The complaint is not open to the criticism in question.

The court, at the request of appellee, gave the jury instruction four, which is as follows: "If a car stops at a place where cars are accustomed to stop for the discharge of passengers, a passenger desiring to alight has a right to assume that the car will remain standing long enough to enable all who desire to do so to alight safely from said car. You are instructed that stopping a reasonable time for a passenger to alight from such car is not sufficient, but it is the duty of the conductor, or other person in charge of a street-car, to see and know that no passenger is in the act of alighting from such car, or in a dangerous position, before putting the car in motion again."

Counsel for appellant argue that this charge is bad, because it does not distinguish between the duty to do a certain thing and the care necessary to be exercised in performing such duty. The charge is palpably erroneous, and, in the absence of a clear showing by appellee to the contrary, the legal presumption is that the instruction operated to the substantial prejudice of appellant. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369.

Appellant company as a common carrier of passengers is not an insurer of their safety. The law limits its duty in respect to its passengers to the exercise of

the highest degree of care. *Indiana Union Traction Co.* v. *Keiter* (1911), *ante,* 268, and authorities cited.

In this latter case we said: "While appellant, as a common carrier of passengers, is not, under the law, an insurer of their safety, nevertheless, the law requires of it the exercise of the highest degree of care consistent with the mode of its conveyance and the practical prosecution of its business for the safety and protection of its passengers, and it is bound to continue the exercise of such care until its passengers have alighted from the cars at the end of their destination at the usual place of stopping the cars."

The instruction in question is open to the objection that it advises the jury, as a legal proposition, that it is the duty of a conductor or other person in charge of a street-car to see and know that no passenger is in the act of alighting therefrom, or in a dangerous position, before putting the car in motion. The negligence of appellant in starting its car while appellee was in the act of alighting therefrom was a question in issue to be determined by the jury. Or, in other words, the jury was to determine whether the conductor, had he exercised the care exacted by the law, might have seen or known that appellee was in the act of alighting from the car at the time it was started. The charge was equivalent to informing the jury that under all circumstances it is the duty of a conductor in charge of a street-car to see and know that no passenger is in the act of alighting from such car. Whether appellant's conductor in charge of said car, had he exercised the care required by law, could have seen or could have known that appellee was in the act of alighting from the car at the time he put it in motion was not a question of law, but one of fact to be determined by the jury under proper instructions by the trial court.

Appellant next complains of instruction ten, given at the request of appellee, which advised the jury that appellant would be liable if the preponderance of the evidence

4. established that the car upon which appellee was riding was stopped in obedience to a signal at said

stopping place, and that at the time she went upon the running-board for the purpose of alighting therefrom, and while she was so situated and before she could alight, but while in the act of alighting, and while using due care, appellant's servants in charge of the car, without notice or warning to her, negligently put the car in motion, and thereby, without negligence on her part contributing thereto, threw her to the ground and injured her.

It is insisted that this instruction is not pertinent to the issue tendered by the complaint. In this, however, appellant's counsel are mistaken. The gist of the charge as made by the complaint is that appellant suddenly started its car, and by that act threw appellee to the ground and thereby injured her.

Other questions relative to instructions are argued by appellant's counsel, but as a new trial must be ordered, and as it does not appear that these questions will again necessarily arise, we pass them without consideration.

For the error of the court in giving instruction four, requested by appellee, the judgment is reversed, and a new trial ordered.

## ON PETITION FOR REHEARING.

JORDAN, J.—Appellee has petitioned for a rehearing in this appeal, on the ground that we erred at the former hearing in holding that instruction four, given at appellee's request, was erroneous. We affirmed in our original opinion that the vice of this charge was that thereby the trial court informed the jury, as a legal proposition, that it is the duty of the conductor, or other person in charge of a street-car, to see and to know that no passenger is in the act of alighting therefrom, or in a dangerous position, before putting the car in motion; that the jury was thereby given to understand that under all circumstances it is the duty of the conductor in charge of a street-car to see and know that no passenger is in the act of alighting from such car.

Counsel for petitioner cite no authorities that can be said to uphold the correctness of the charge in question. In addition to the cases that we cited in the original opinion condemning the instruction, we cite the following: *Millmore* v. *Boston, etc., Co.* (1907), 194 Mass. 323, 80 N. E. 445, 11 L. R. A. (N. S.) 140, 120 Am. St. 558; *North Chicago St. R. Co.* v. *Cook* (1893), 145 Ill. 551, 33 N. E. 958; *Wabash River Traction Co.* v. *Baker* (1906), 167 Ind. 262; *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80; *Gilbert* v. *West End St. R. Co.* (1894), 160 Mass. 403, 36 N. E. 60; *Colorado, etc., R. Co.* v. *McGeorge* (1909), 46 Colo. 15, 102 Pac. 747, 133 Am. St. 43.

The case of *North Chicago St. R. Co.* v. *Cook, supra,* arose out of the alleged negligence of defendant street railway company in injuring plaintiff while he was attempting to board one of its street-cars. The court in that appeal, in considering the duty that defendant company, through its conductor, owed to the plaintiff, said: "Carriers of passengers are held to the exercise of the utmost or highest degree of care, skill and diligence for the safety of the passenger that is consistent with the mode of conveyance employed. The car or train was in control of the conductor, and he was required to know, if by the exercise of due care, caution and diligence in the discharge of his duties he could know, whether any person was attempting to get on or off his train or car, before permitting the same to start in such manner as would be liable or likely to injure a person so getting on or off the same."

In *Millmore* v. *Boston, etc., Co., supra,* the court, in speaking of what was required of the conductor in charge of a car, said: "He must exercise reasonable care, as above defined, to see that the passenger is on or off the car. On the other hand, the rule is not that he must absolutely see whether the passenger is on or off. In this, as in every other detail, there is resting upon him the same degree of care, namely, the highest care consistent with the proper transaction of

the business; and, if he has exercised that degree of care, he has not been negligent."

There are many other authorities upon the same line, but we do not deem it necessary to cite them. It is sufficient to say that all are in harmony with our holding in respect to the instruction in this case, and also with the rule affirmed in the case of *Indiana, etc., Traction Co.* v. *Keiter* (1911), *ante*, 268.

Under the law as announced by the court, by the instruction in question, the jury may have been led to believe that it was absolutely the duty of the conductor or person in charge of the car on which appellee was a passenger to know that she was in the act of alighting therefrom at the time it was put in motion, regardless of the fact as to whether the person so in charge had an opportunity to know that she was in the act of alighting from the car, and without regard to the question whether he at the time, if he had exercised the care that the law required, could have known that she was in the act of leaving the car.

Finally it is contended that the instruction, if erroneous, as shown by the answers of the jury to the interrogatories, is harmless. The court having erred in giving the

3. instruction, the legal presumption follows that such error was prejudicial to appellant, and the burden is on appellee to show the contrary by the record. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369. The answers of the jury to interrogatories propounded to it do not sustain the contention of appellee, that the error in giving the instruction was harmless.

We adhere to our holding at the former hearing, and the petition for rehearing is therefore overruled.

Appellant in its petition to have the cause transferred from the Appellate Court to the Supreme Court, under §1394 Burns 1908, subd. 2, Acts 1901 p. 565, set out

5. therein the instruction in question, and charged that the decision of the Appellate Court in sustaining or

upholding the giving thereof to the jury by the trial court
contravened ruling precedents of the Supreme Court. Ap-
pellee objected to the sufficiency of the petition, on the
ground that the ruling precedents alleged to be contravened
were not specifically mentioned nor pointed out. This
court, however, granted the petition, and ordered the trans-
fer of the cause. Appellee now requests that her petition
for rehearing be granted, and that thereupon the court re-
mand the case to the Appellate Court, because of the
insufficiency of the petition on which the case was removed
to this court. Upon no view can this request be sustained.
It certainly would be an unauthorized procedure, under the
provisions of the statute under which this case was removed
to the Supreme Court, for appellee, at this stage of the case,
to demand that it be remanded to the Appellate Court,
on the ground that the petition upon which it was transferred
to the Supreme Court was insufficient.

Appellee's petition to remand is overruled.