# TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* CRAYTON.

[No. 22,517. Filed December 18, 1913.]

1. APPEAL.—*Review.— Harmless Error.— Instructions.—* In a passenger's action for injuries sustained through defendant's negligence in starting the car while she was alighting therefrom, an instruction that railways are held to a high degree of care for the safety of passengers and that a car is bound to stop long enough for a passenger to alight, even if erroneous as charging defendant with the specific duty to do a certain thing rather than defining the degree of care required, was harmless, where the evidence showed that the car was stopped in the nighttime at a railroad crossing, which was also a stopping place for receiving and discharging passengers, and that the conductor who was ahead signalled the motorman to start as plaintiff was alighting. p. 662.

2. APPEAL.—*Review.— Harmless Error.— Instructions.—* In a passenger's action for injuries sustained in alighting from a car,

an instruction that if the car stopped at the usual place for the purpose of discharging and receiving passengers, that plaintiff was attempting to alight therefrom and while on the lower step at the rear end of the car the motorman or conductor caused said car to start forward suddenly without warning to plaintiff, whereby plaintiff was thrown to the ground and injured, and that if plaintiff was at the time in the exercise of ordinary care, the defendant would be liable, was not harmful to defendant on the ground that it did not leave to the jury the determination of whether there was any negligence, when considered in connection with other instructions stating the theory of the complaint to be that of an injury caused by defendant's negligence in starting the car and telling the jury that if plaintiff's injury was received in any other manner than by such alleged negligence the verdict should be for defendant, defining negligence, and specifically stating that plaintiff could not recover unless it affirmatively appeared that her injury was the proximate result of defendant's negligence as charged in the complaint.  p. 663.

3. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—In a passenger's action for injuries sustained while alighting from the car, where the evidence showed that the injury occurred after night, that the car had stopped at a railroad crossing and the conductor had gone ahead to flag the crossing, that he signalled the motorman by whistle to start the car, and that the car was suddenly started while plaintiff was upon the lower step at the rear of the car, whereby she was injured, instructions in relation to defendant's duty in discharging passengers were not objectionable on the ground of disregarding the time of night, the ability of the conductor or motorman to see plaintiff, their statutory duty to see if a train was approaching the crossing, or the question of knowledge by them that plaintiff was attempting to leave the car, where the evidence also showed that the place was not only a railroad crossing but also a regular stopping place for defendant's cars for the purpose of receiving and discharging passengers, and that plaintiff on paying her fare informed the conductor that she wished to leave the car at that stop.  p. 665.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Mary J. Crayton against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Affirmed.*

*F. Winters, M. E. Foley, S. C. Kivett* and *W. H. Latta,* for appellant.

*John E. Sedwick,* for appellee.

SPENCER, J.—Action by appellee to recover damages for personal injuries alleged to have been sustained on account of the negligence of appellant in putting in motion one of its interurban cars while appellee, a passenger thereon, was in the act of alighting from said car. From a verdict and judgment in favor of appellee this appeal is taken.

Under its single assignment of error—that the court erred in overruling the motion for a new trial—appellant questions the sufficiency of instructions Nos. 10 and 16, given to the jury by the court on its own motion.

Instruction No. 10 reads as follows: "There is a high degree of care, skill and diligence imposed upon interurban railways with reference to the safety of their passengers. When their cars stop for passengers to alight or board the same, it is the duty of their servants and employes in charge of a car to stop the same long enough for a passenger to alight or board said car, and to see that the car in the exercise of due care, skill and diligence, does not start again while anyone is in the act of alighting from said car, or is exposed to danger in so attempting to do. Stopping the car a reasonable length of time is not sufficient, but it is the duty of the conductor, or those in charge of a street car to see and know, in the exercise of a high degree of care, skill and diligence, that no passenger is in the act of alighting, or in a dangerous position before putting the car in motion again. If an employe in charge of a car fails in that respect, such failure is imputed to his employer and is actionable negligence on the part of the employer, and it would be no excuse for the employe or employer to show that the car on the particular occasion was operated in the usual manner." To this instruction the objection is urged that it charges appellant with the specific duty "to do a certain thing rather than

define the degree of care required," and in support of this contention the case of *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768, is cited. While the instruction is not to be commended, yet, even if it is conceded that it is erroneous, we are convinced on an examination of the evidence hereinafter reviewed that appellant was not harmed thereby.

In instruction No. 16 the court told the jury that "If you find from a preponderance of all the evidence in this case that, upon the occasion in question, the car, upon which plaintiff was a passenger, did stop at the usual stopping place for the purpose of discharging or receiving passengers at Main Street and Railroad Crossing at Mooresville, Indiana, that the plaintiff at the time the car so stopped arose from her seat and desired to alight from said car; and you further find that, in the pursuance of said desire, the plaintiff, while said car was not in motion was attempting to alight therefrom and in furtherance of said attempt had proceeded to the lower step of said car at the rear end thereof, and while in said position the defendant company, through its motorman or conductor, caused said car to start forward with a sudden movement, without giving plaintiff any warning thereof, thereby throwing plaintiff to the ground and causing the injuries, or some part thereof, complained of; and you further find that the plaintiff at the time aforesaid was in the (exercise of) ordinary care and diligence—then I instruct you that, if you find the facts to be as indicated in this instruction, the defendant company would be liable and your verdict should be for the plaintiff." Appellant urges that this instruction is harmful for the reason that "it is not left to the jury to say whether any act was or was not negligently done or omitted—or whether or not there was negligence." Passing this point, it is clear that appellant could not have been harmed thereby. In instruction No. 13 the court stated the theory of appellee's complaint to be "that she

was injured by the negligence of the defendant company in starting the car forward with a sudden movement, from which she was in the act of alighting to the cinder platform at the usual place for passengers to alight from said car''; and in instruction No. 17, immediately following the one here complained of, the court used this language: ''If you find from the evidence that the plaintiff received her alleged injuries, or any part thereof, if any, in any other manner than by the alleged negligent starting of the car in question after said car had been stopped to discharge plaintiff as a passenger at Main Street and Railroad Crossing in the town of Mooresville, then in that event, regardless of what may have been the cause of such injury, your verdict should be for the defendant company.'' Other instructions clearly defined the term ''negligence,'' while instructions Nos. 9, 11 and 12 charged the jury specifically that appellee could not recover unless it should affirmatively appear that her injuries were the proximate result of appellant's negligence as charged in the complaint. The charge as a whole states the law as favorably as appellant is entitled to have it stated and covers the issues fully. Appellant makes no contention that the verdict is excessive or that it is not sustained by the evidence. Its only contention is that instructions Nos. 10 and 16 were erroneous and, as applied to the circumstances of this case, ''more than ordinarily prejudicial to the defendant.'' It appears from the evidence that appellee attempted to alight at the intersection of appellant's tracks with the tracks of the Indianapolis and Vincennes Railroad in the town of Mooresville; that this being a railroad crossing the law required appellant's employes, before entering on said crossing, to ascertain whether any train or locomotive was approaching the same on said railroad; that at the time of the injury complained of, appellant's conductor had gone ahead of the car to flag the crossing and from such position signalled the car to start

Terre Haute, etc., Traction Co. *v.* Crayton.—180 Ind. 660.

by means of a whistle. Appellant urges that under this state of the evidence it was erroneous to give instructions such as those complained of "without regard to the time of night or the ability of the motorman or conductor to see her (appellee); without regard to their duties prescribed by the statutes to ascertain whether a locomotive or train is approaching on the railroad; without regard to the knowledge they might have or not have as to whether she was making such attempt." But the evidence also shows that the intersection in question was not only a railroad crossing but was also a regular stopping place for appellant's cars; that appellant there received and discharged passengers and maintained a cinder platform for that purpose; that when she paid her fare, appellee told appellant's conductor that she wished to get off at that particular stop; that when the car reached said point and came to a stop she got up without delay, went to the rear platform of the car, and was in the act of alighting from the steps when the car started forward and threw her to the ground. Under these conditions it cannot be seriously contended that the facts set out in appellant's objection last-above quoted were anything more than circumstances to be taken into consideration by the jury in determining the question of appellant's negligence.

Judgment affirmed.

Note.—Reported in 103 N. E. 650. See, also, under (1) 38 Cyc. 1809; (2) 38 Cyc. 1778; (3) 38 Cyc. 1630. As to the duty of a railroad company to allow passengers time to board or alight from trains, see 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas. 1912 C 794.