# EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.* HOFFMAN.

[No. 8,392.    Filed June 25, 1914.]

1. PLEADING.—*General and Specific Averments.*—The general rule that general averments in a pleading are controlled by the specific allegation of facts therein does not apply where the facts specifically alleged do not contradict the general averment and are not inconsistent with it.    p. 534.

2. RAILROADS.—*Crossing Accidents.*—*Complaint.*—*General and Specific Averments.*—A complaint against a railroad company for damages sustained in a crossing accident, alleging generally the negligence of defendant in the approach of its train to a crossing, that defendant when approaching the crossing failed and neglected to stop its train as required by law before going upon and across the track of an electric railroad company on whose car plaintiff was riding as a passenger at the time of the injury, and failed to exercise ordinary care and precaution before crossing said track, and that at the time said train was being run backward without watchmen stationed thereon to prevent accident as required by a city ordinance, is not open to the objection that it contained specific averments which controlled the general averment of negligence and which show no cause of action, but was within the rule permitting several independent acts of negligence to be charged in the same paragraph, and the specific acts charged were neither contradictory of, nor inconsistent with such general averment.    p. 534.

3. RAILROADS.—*Crossing Accidents.*—*Trial.*—*Instructions.*—In an action against a railroad company for damages received in a collision between its train and a street car on which plaintiff was riding, an instruction that if the jury found that someone in the management and running of the train was on the top of one of the cars as the train backed toward the crossing, and saw the street car where it was in imminent danger of being struck, it was the duty of such person to give proper signal to the engineer at once to stop the train and prevent the collision, if possible, and that if he did not give such signal, but instead called to the motorman of the street car, such conduct would be negligence on the part of defendant, was erroneous in that it invaded the province of the jury and declared that the doing of one thing, and the failure to do another, constituted actionable negligence.    p. 535.

4. RAILROADS.—*Highway Crossings.*—*Care Required.*—*Negligence.*—*Jury Question.*—A railroad company operating trains over highway crossings must use ordinary care to avoid injury, and

such care must be commensurate with the known or apparent danger, but whether the doing of a particular act, or the pursuit or failure to pursue, any particular line of conduct, constitutes negligence is a question for the jury. p. 536.

5. APPEAL.— *Consideration of Instructions.— Effect of Error.*— While instructions are to be considered as a whole, and when so considered many defects and inaccuracies are rendered harmless, where an instruction is erroneous upon a material proposition or issue it will be presumed to have been harmful unless the contrary affirmative appears from the record. p. 536.

6. TRIAL.—*Instructions.—Cure of Error.*—Prejudicial error in an instruction can not be cured by the giving of other correct instructions contradicting the erroneous instruction, but to avoid the effect of such error the instruction must be withdrawn. p. 536.

7. RAILROADS.—*Operation.—Care Required.—Priority in Use of a Street Crossing.*—The rights of a railroad company and of persons using a street crossed by the railroad are equal in the use of such crossing, except that the priority is in the railroad in case it and the persons using the street desire to use the crossing simultaneously, and the law does not exact of the company a degree of care making it an insurer of the safety of the persons on the street and crossing, but requires of each the exercise of ordinary care; hence an instruction that a railroad company on approaching such a crossing must adjust the speed and appliances of the train to the conditions as they exist, and run the same in such manner and with such help and appliances that the same may be stopped and controlled so as to properly protect persons lawfully using the street, established an erroneous standard of care and was misleading. pp. 537, 538.

8. NEGLIGENCE.—*Ordinary Care.—Jury Question.*—Ordinary care is that care commensurate with the known or apparent danger which a person of ordinary prudence would use, and where the facts are controverted, or are susceptible of different reasonable inferences, it is for the jury to determine whether ordinary care was used. p. 538.

9. APPEAL.— *Review.* — *Effect of Error.* — *Presumptions.* — Where errors of law affecting material questions in the case have been committed in the giving of instructions, and questions of fact are sharply controverted and the evidence conflicting, it will be presumed, unless the contrary appears from the record, that the jury followed such instructions and a reversal must follow. p. 539.

10. APPEAL.—*Review.— Intervening Error.— Disposition of Cause.* —The application of the authority conferred by §700 Burns 1914, §658 R. S. 1881, to affirm notwithstanding intervening error, is limited to cases where the court can say from the record that

a correct result has been reached, and whether such an error was influential in the determination of the cause necessarily depends upon the particular facts of each case. p. 539.

From Daviess Circuit Court; *James W. Ogden,* Judge.

Action by George Hoffman against the Evansville and Terre Haute Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Edward H. Seneff, John F. Iglehart, Edwin Taylor, Eugene H. Iglehart* and *Gardiner, Tharp & Gardiner,* for appellant.

*Padgett & Padgett, R. M. Willoughby* and *James M. House,* for appellee.

FELT, C. J.—This is a suit for damages for personal injuries alleged to have been received by appellee while a passenger on a street car belonging to the Vincennes Traction Company, when the car was struck at a crossing by a cut of freight cars operated by appellant on its road. The complaint is in one paragraph. It avers facts which show that appellant owns and operates a railroad which runs through the city of Vincennes and across North Second Street in said city, on which the Vincennes Traction Company operates an electric railway; that appellant has a switch track which runs across said traction line on said North Second Street at a point between Lyndale and Swartzel avenues; that on August 7, 1909, appellee was a passenger on one of the cars of said traction company operated over and upon North Second Street; that said traction car reached said crossing ahead of appellant's train and was about to cross appellant's switch track when "the said defendant railroad company did, before said street car had passed over said crossing, carelessly and negligently and without due care and precaution, run a locomotive and train of cars over, upon and along its said track at said point where said track crosses the line of said traction company, in such manner as to run against, upon and over the car of said traction company, in which this plaintiff was riding

as a passenger, with great force and violence and did hurl said traction car from the track of said traction company and turn the same over and upset and crush the same; that the said defendant railroad company, when approaching the point where the track of said defendant company crossed the track of the said Vincennes Traction Company on said North Second Street, as aforesaid, with its locomotive and train of cars failed and neglected to stop said locomotive and train of cars before going upon, over and across the track of the traction company, as is required by law, and wholly failed and neglected to exercise ordinary care and precaution before going upon the track of said Vincennes Traction Company; that at said time said locomotive and train of cars of said defendant company was being run backward, tnat is, the locomotive was pushing the cars in front of it without having a watchman or other person on the rear end to prevent accident, as required by the ordinances of the city of Vincennes, Indiana; that thereby and on account of the negligent and careless manner in which said railroad company did run and operate, etc. * * * this plaintiff was hurled and pitched from said traction car and under the same and was thereby wounded and bruised of body and injured in such a manner as to permanently impair his body and more particularly his nervous system; * * * that because of all the wrongful acts of the defendant hereinbefore complained of this plaintiff has been permanently injured and made a nervous wreck and incapacitated from performing the work and duties of his occupation," which incapacity and the elements of damages sustained are pleaded in detail.

Appellant's demurrer for want of facts was overruled and it filed an answer in general denial. A change of venue was taken to the Daviess Circuit Court where a trial by jury resulted in a verdict for appellee. Over appellant's motion for a new trial and a motion in arrest of judgment, the court rendered judgment on the verdict. These rulings are

assigned as error and relied on for reversal. Appellant insists that the complaint is insufficient in this that the general averment that "defendant did * * * carelessly and negligently and without due care and precaution run its locomotive and train * * * over and upon such crossing * * * in such manner as to run against the street car", etc., is followed by allegations of specific acts of negligence which control the pleading and show that no cause of action is stated.

It is true as a general proposition that specific allegations of facts in pleadings control general averments. This is true where the specific facts averred contradict, or are

1. inconsistent with the general averments. But where the specific facts averred do.not contradict the general averment and are not inconsistent therewith, the rule does not apply. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 404, 97 N. E. 822; *Cole* v. *Searfoss* (1912), 49 Ind. App. 334, 341, 97 N. E. 345; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 460, 82 N. E. 1030; *Cleveland, etc., R. Co.* v. *Cyr* (1909), 43 Ind. App. 19, 21, 23, 86 N. E. 868; *Moyer* v. *Fort Wayne, etc., R. Co.* (1892), 132 Ind. 88, 90, 31 N. E. 567; *Chicago, etc., R. Co.* v. *Dinius* (1908), 170 Ind. 222, 229, 84 N. E. 9; *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 281, 82 N. E. 1051.

The complaint in this case, could have been so drawn as to more clearly indicate its theory, but when judged by the general scope and tenor of its averments, it is

2. apparent that it is not open to the objection urged against it, and that it comes within the rule which permits several independent acts of negligence to be charged in the same paragraph, and if any one of such acts of negligence is shown to be the proximate cause of the injury complained of the pleading is sufficient as against a demurrer on the ground of the insufficiency of the facts alleged to state a cause of action. The specific acts of negligence alleged are not contradictory of, nor inconsistent with, the

general charge of negligence. *Cleveland, etc., R. Co.* v. *Clark, supra.* The complaint is sufficient to withstand the demurrer.

The motion for a new trial challenges the correctness of certain instructions given the jury by the court on its own motion and others given at the request of appellee.

3. Instruction No. 3 given at the request of appellee is as follows: "If the jury find from the evidence in this cause by a fair preponderance thereof, that at the time of the injury complained of some persons or person in the management and running of defendant's train of cars, were on top of one of said cars and saw the street car on which plaintiff was riding, standing upon or about to go upon the track of defendant's company, where such street car was in imminent danger of being run down and injured and the passengers on said street car injured or killed by collision with such street car, it was the duty of such person or persons, so in the employ of the defendant, to give the proper signal to the engineer in charge of such train at once to stop said train and prevent said collision, if possible and if such person or persons did not give such proper signals to the engineer of such train at once to stop such train but instead thereof called out to the motorman or conductor on the street car, such conduct on the part of such agents or servants of the defendant would be negligence on the part of the defendant." It is claimed by appellant that this instruction declares as a matter of law that it was the duty of its servants in charge of the train to do a particular thing and if they failed so to do and did another thing appellant was guilty of negligence; that it departs from the theory of the complaint and invades the province of the jury. The instruction does not depart from the theory of the complaint under the general charge of negligence in running the train against and over the street car on which appellee was a passenger. It does, however, clearly invade the province of the jury and declares as a matter of law that the doing of

one thing and the failure to do another constituted actionable negligence of the defendant. Appellant was required to use ordinary care to avoid a collision with the street car on which appellee was a passenger. Such care must always be commensurate with the known or apparent danger. But whether the doing of any particular act, or the pursuit of, or failure to pursue, any particular line of conduct, is or is not negligence, is a question of fact for the jury. *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N. E. 500; *Conner* v. *Citizens St. R. Co.* (1896), 146 Ind. 430, 440, 45 N. E. 662.

Appellee does not assert that this instruction is correct, but contends that the instructions as a whole gave the jury a correct idea of the law applicable to the case and that an error in any particular instruction was harmless. Also that a correct result was reached and the case should not be reversed for an error in the instructions. It is true that the instructions are to be considered together and that many defects, verbal inaccuracies and incomplete statements are thereby remedied, or rendered harmless, so that notwithstanding such defects in particular instructions the court may know and declare that the instructions when considered as a whole state the law of the case correctly. But where an instruction deals with a material proposition or issue of the case, and is erroneous, the presumption is that the error was harmful and such presumption will prevail unless it affirmatively appears from the record that it was not prejudicial to the complaining party. The error of such instruction can not be cured by the giving of other correct instructions which contradict the erroneous instruction, but to avoid the effect of such error the instruction must be withdrawn. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 376, 91 N. E. 238; *Steele* v. *Michigan Buggy Co.* (1912), 50 Ind. App. 635, 643, 95 N. E. 435; *Wenning* v. *Temple* (1896), 144 Ind. 189, 194, 41 N. E. 600; *Southern Ind. R. Co.* v. *Moore* (1902), 29 Ind.

App. 52, 54, 63 N. E. 863; *Rahke v. State* (1907), 168 Ind. 615, 621, 81 N. E. 584; *Neeley v. Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455; *Louisville, etc., Traction Co. v. Korbe* (1911), 175 Ind. 450, 457, 93 N. E. 5, 94 N. E. 768; *Timmons v. Kenrick* (1913), 53 Ind. App. 490, 102 N. E. 52, and cases cited.

Instruction No. 4 given at the request of appellee is as follows: "A railroad company running cars through or across the street of a populous city, where the streets are in frequent use by persons traveling on foot, in vehicles, or street cars, must use ordinary care to prevent accidents, and failure on its part so to do constitutes negligence. It must adjust its speed and appliances to conditions as they exist, in regard to the use and travel in such streets, and run its cars and trains in such a manner and with such help and appliances that such trains can be stopped and controlled so as to properly protect persons lawfully using the streets." The first part of this instruction is conceded to be a correct statement of the law but appellant contends that the last part of the instruction entirely subordinates the right of the railway company to use the highway, to that of other persons and imposes arbitrary conditions on the company, which require of it more than ordinary care, or care commensurate with the danger of operating trains under the conditions shown to exist. The railway company was required to use ordinary care to avoid a collision or anything that would injure a person rightfully on or about to enter upon the crossing. The rights of such company and of persons rightfully on the street are equal except that priority is given to the railway company when both desire to pass over the crossing at the same time. The law does not give to either a railway company, a street car company or an individual an exclusive right to the use of a public street, but requires of each the use of ordinary care to avoid any injury or accident. *Virgin v. Lake Erie, etc., R. Co., supra; Lake Shore, etc., R. Co. v. Myers* (1912),

52 Ind. App. 59, 70, 98 N. E. 654, 100 N. E. 313. A railway company operating trains over public streets and crossings is required to use ordinary care to so use its property and to so operate its trains as not to injure others who are themselves lawfully using such streets or crossings. But the care required does not make such company an insurer of the safety of persons lawfully on such streets or crossings.

What would be ordinary care under certain conditions would not amount to ordinary care under other and different conditions and circumstances. But the term ordinary care embodies the idea that the care required in any given case is commensurate with the known or apparent danger. *Cleveland, etc., R. Co.* v. *Houghland* (1909), 44 Ind. App. 73, 83, 85 N. E. 369, 88 N. E. 623; *Cleveland, etc., R. Co.* v. *Federle* (1912), 50 Ind. App. 147, 152, 98 N. E. 123; *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 650, 657, 70 N. E. 985. The care which a person of ordinary prudence would use under any given state of facts is the standard by which we measure the duty of a railway company operating cars over or across streets in a town or city, and the standard does not change, though the facts and circumstances of the various cases in which the rule is applied differ greatly. Where the facts are controverted, or of such a character that reasonable minds might draw different inferences therefrom, it is a question of fact for the jury to say whether on the facts presented ordinary care was or was not used. As we view the last half of instruction No. 4 it was liable to mislead the jury.

It sets an arbitrary standard of care and is subject to an interpretation that would lead the jury to believe that something more than ordinary care was required of appellant. It was liable to be so interpreted by the jury as to lead it to believe that the fact that a collision occurred fully warranted a finding that appellant did not exercise due care in approaching the crossing, without regard to other evidence that might show, or tend to show that it did exer-

cise the care required of it by the law under such circumstances. *Rump* v. *Woods* (1912), 50 Ind. App. 347, 353, 98 N. E. 369.

Some of the instructions given are criticised as not applicable to the evidence. Our view of the case compels a reversal and the questions depending upon the evidence may not arise at another trial.

Most of the instructions are full and accurate statements of the law, and the other objections urged relate to matters that in view of our conclusion do not justify the further extension of this opinion to discuss them, for they are in effect decided by the view we have already expressed of the case.

The questions which involve the ordinance of the city of Vincennes might have been of consequence but for the admission of the ordinance without objection, and the agreement of record that it was in force when the accident occurred. *Cumberland Tel., etc., Co.* v. *Pierson* (1908), 170 Ind. 543, 546, 84 N. E. 1088.

Where errors of law affecting material questions in the case have been committed in the giving of instructions, and questions of fact are sharply controverted and the evidence conflicting, a court of appellate jurisdiction will not ordinarily exercise its discretion and affirm a judgment on the ground that a correct result was reached and substantial justice done between the parties. The question, whether an error was influential in determining the result of a trial, is made to depend on the particular facts of each case. The rule which enables this court to affirm notwithstanding intervening errors, is a wholesome one, authorized by our statute (§700 Burns 1914, §658 R. S. 1881), but its application is limited to cases which enable the court to say from the record that notwithstanding the errors committed, a correct result was reached. The presumption is that the jury followed the instructions of the court and where the errors relate to material questions,

and the record does not affirmatively show that the complaining party was not harmed thereby, such errors are prejudicial and entitled the appellant to a reversal. *Muncie Pulp Co.* v. *Keesling* (1906), 166 Ind. 479, 488, 76 N. E. 1002, 9 Ann. Cas. 530; *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 253, 73 N. E. 906; *Indianapolis St. R. Co.* v. *Schomberg* (1905), 164 Ind. 111, 114, 72 N. E. 1041; *Erie Crawford Oil Co.* v. *Meeks* (1907), 40 Ind. App. 156, 164, 81 N. E. 518; *Cincinnati, etc., R. Co.* v. *Armuth* (1913), 180 Ind. 673, 103 N. E. 738.

The judgment is reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 105 N. E. 788. As to the care a railroad must exercise at crossings of highways, see 26 Am. Rep. 207. See, also, under (1) 31 Cyc. 85; (2) 33 Cyc. 1053; (3, 4) 33 Cyc. 1097; (5) 3 Cyc. 386; 38 Cyc. 1778; (6) 38 Cyc. 1782; (7) 33 Cyc. 1129; (8) 29 Cyc. 427, 636; (9) 3 Cyc. 386; (10) 3 Cyc. 383.