INDIANA RAILWAYS AND LIGHT COMPANY *v.* ARMSTRONG.

[No. 11,405.    Filed April 3, 1923.]

1. APPEAL.—*Briefs.*—*Waiver of Error.*—Errors assigned on appeal are waived where appellant fails to state any proposition or point in his brief in reference thereto. p. 487.

2. CARRIERS.—*Carriage of Passengers.*—*Injury to Passenger.*— *Negligence.*—*Instructions.*—In a passenger's action against a street railway company for injuries sustained while alighting from a car, an instruction that it is the duty of the persons in charge of a car to know and see that the door of the car is not closed when passengers getting off the car are in a

dangerous place, was erroneous as improperly informing the jury that carriers of passengers for hire, in the exercise of reasonable care for their safety, are charged with the imperative duty of seeing and knowing that the door of the car is not closed when passengers are in a dangerous place. p. 488.

3. APPEAL.—*Erroneous Instructions.—Presumptions.*—An erroneous instruction relating to a material issue in a case is presumed on appeal to have been harmful, and such presumption will prevail unless it affirmatively appears from the record that it was not prejudicial to the complaining party; and the burden is upon the party seeking to avoid such presumption to show by the record that the error was not prejudicial. p. 489.

4. TRIAL.— *Erroneous Instructions.— Cure.— Contradictory Instructions.*—The rule that it is not necessary to state all the law applicable to a case in one instruction, but that it suffices if the instructions, taken as a whole, correctly state the law involved, has no application where the law as stated in an erroneous instruction is merely contradicted by a correct statement of the law in other instructions. p. 489.

5. APPEAL.—*Review.—Intervening Error.—Disposition of Cause.* —The rule that a judgment will be affirmed, regardless of intervening error, where a correct result was reached, and substantial justice done, has no application in a case where defendant's negligence was a material question which was sharply controverted, and the error complained of was an instruction incorrectly informing the jury as to the degree of care required of defendant. p. 490.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by Carrie Armstrong against the Indiana Railways and Light Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Bell, Kirkpatrick & McClure,* for appellant.
*Overson & Manning,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover for personal injuries, alleged to have been sustained by her as a passenger on one of the latter's cars, while alighting therefrom. After joining issues, the cause was submitted to a jury for trial, resulting in a verdict and

judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal, which has not been waived by failing to state any proposition or point with reference thereto.

The only question presented for our determination relates to the action of the court in giving the following instruction: "It is the duty of a street railway 2. company, in carrying passengers for hire to use a reasonable degree of care for the safety of said passengers, while said passengers are on said car, and also continuous while said passengers are getting off the said car. *And it is the duty of the persons in charge of said car to know and see that the door of said car is not closed when said passengers are in a dangerous place* \* \* \*." (Our italics.)

This instruction is clearly erroneous, as it is reasonably subject to the construction, that carriers of passengers for hire, in the exercise of reasonable care for their safety, are charged with the imperative duty of seeing and knowing, that the door of the car in which they are riding is not closed when they are in a dangerous place. This is not the law, and is so declared, in effect, in many decisions. *Caughell* v. *Indianapolis Traction, etc., Co.* (1912), 50 Ind. App. 5, 97 N. E. 1028; *Henry* v. *Prendergast* (1911), 51 Ind. App. 43, 94 N. E. 1015; *Southern R. Co.* v. *Ellis* (1913), 53 Ind. App. 34, 101 N. E. 105; *Indiana Union Traction Co.* v. *Bales* (1915), 58 Ind. App. 92, 107 N. E. 682; *Terre Haute, etc., Traction Co.* v. *York* (1916), 60 Ind. App. 399, 110 N. E. 999; *Louisville, etc., Traction Co.* v. *Korbe* (1910), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768; *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443; *Frank Bird Transfer Co.* v. *Shaw* (1919), 72 Ind. App. 658, 124 N. E. 776; *American Coal, etc., Co.* v. *Lewis, Admr.* (1922), 77 Ind. App. 394, 133 N. E. 846.

It will be observed that this instruction relates to a material issue in the case, viz.: whether appellant was guilty of the negligence charged. In such cases

3. it will be presumed that the erroneous instruction was harmful, and such presumption will prevail, unless it affirmatively appears from the record, that it was not prejudicial to the complaining party. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 91 N. E. 238; *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788; *Louisville, etc., Traction Co.* v. *Korbe, supra.* And the burden is upon the party, seeking to avoid such presumption, to show by the record, that the error was not prejudicial. *Evansville, etc., R. Co.* v. *Hoffman, supra; Cleveland, etc., R. Co.* v. *Case, supra; Louisville, etc., Traction Co.* v. *Korbe, supra; National Motor, etc., Co.* v. *Pake* (1915), 60 Ind. App. 366, 109 N. E. 787.

Appellee, in an effort to avoid a reversal of the judgment, because of any error in said instruction, cites the cases of *Anderson* v. *The Citizens, etc., R. Co.* (1894), 12 Ind. App. 194, 38 N. E. 1109, and *Crump* v. *Davis* (1904), 33 Ind. App. 88, 70 N. E. 886, but those cases have been superseded by the decision of the Supreme Court in the case of *Louisville, etc., Traction Co.* v. *Korbe, supra,* as stated by this court in the case of *Caughell* v. *Indianapolis Traction, etc., Co., supra.*

Appellee also relies upon the settled rule, that it is not necessary to state all the law applicable to a case in one instruction, but that it suffices if the instruc-

4. tions, taken as a whole, correctly state the law involved. This rule, however, has no application where the law, as stated in an erroneous instruction, is merely contradicted by a correct statement of the law in other instructions, which is the most that can be said in appellee's favor in the instant case. Where such contradiction exists, the harmful effect of the erroneous in-

struction can only be avoided by its withdrawal, *Evansville, etc., R. Co.* v. *Hoffman, supra; Cleveland, etc., R. Co.* v. *Snow* (1905), 37 Ind. App. 646, 74 N. E. 908; *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849; *Indianapolis Traction, etc., Co.* v. *Mathews* (1912), 177 Ind. 88, 97 N. E. 320; *Martin* v. *Lilly, supra.* In the case last cited the court considered an instruction designated as No. 8, which informed the jury, that it was the duty of the driver of an automobile upon a public highway to be *constantly on the outlook* for pedestrians and other persons or vehicles, that might be using the highway, and held that it was erroneous. In considering whether it was cured by other instructions, which stated the law correctly, the court said: "When such an instruction as No. 8 is given, it cannot be cured by others which state the rule correctly; because, every time the court tells the jury in other instructions that the driver is required to use the care that an ordinarily prudent person would exercise in like circumstances, the jurors, if obedient to the oath, are bound to observe that this means 'constant lookout.'" This statement clearly illustrates the probable harmful effect of the instruction under consideration in the instant case, in which the jury was expressly instructed, that it should take the law from the court and from no other source, as to the court alone attaches the responsibility for the law applicable to the facts.

Appellee seeks to avoid the effect of said erroneous instruction on the ground, that a correct result was reached, and substantial justice was done between the parties. This court gave an interpretation of this rule, and stated a limit on its application, in the case of *Evansville, etc., R. Co.* v. *Hoffman, supra.* In the instant case the fact of appellant's negligence was a material question, which was sharply controverted. Therefore, the rule to which ap-

pellee appeals does not afford her any relief from the error of the court in giving said instruction. The judgment is reversed with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.