## INDIANAPOLIS TRACTION & TERMINAL COMPANY *v.* PRESSELL.

[No. 5,623. Filed March 30, 1906. Rehearing denied June 20, 1906. Transfer denied February 7, 1907.]

1. NEGLIGENCE.—*Elements.*—*Pleading.*—A complaint for negligence must show (1) the existence of a duty from defendant to the plaintiff, (2) defendant's breach of such duty, and (3) resulting injuries to plaintiff. p. 476.

2. PLEADING.—*Complaint.*—*Street Railroads.*—*Unsafe Place to Alight.*—A complaint against a street railroad company for damages sustained by a passenger by reason of compelling her to alight at an unsafe place, which fails to show that the track was built above the established street grade, or that the company was negligent in the construction or operation of the car, or that the place of alighting was improper or dangerous, or that a better place was obtainable, or that the depression in the street at the place of alighting was caused by the company, or that plaintiff was infirm and unable, without aid, to alight, to the knowledge of the company, is insufficient; and such company is under no duty to furnish an extra step to enable plaintiff, under the circumstances, to alight. p. 477.

3. SAME.—*Complaint.*—*Street Railroads.*—*Duty to Assist in Alighting.*—A complaint against a street railroad company for damages for failure to assist an infirm woman in alighting must show that such woman was infirm and that the company's servants knew such fact, mere allegations that she was 50 years old, five feet high, and weighed between 185 and 200 pounds being insufficient to show infirmity as a matter of law. p. 478.

4. SAME.—*Complaint.*—*Street Railroads.*—*Grade.*—*Negligence.*—A complaint showing that the street car tracks were one foot above the surface of the street does not show negligent construction on the part of the company, since the surface of the street may have been below the established grade. p. 479.

5. PLEADING.—*Complaint.*—*Street Railroads.*—*Unsafe Place to Alight.*—A complaint showing that the street, at the point where plaintiff was compelled to alight from defendant street railroad company's car, had an "excavation or pit-fall," without showing that because thereof plaintiff sustained injuries, is bad. p. 479.

6. STREET RAILROADS.—*Unsafe Place to Alight.*—*Notice.*—A street railroad company which discharges its passengers at a dangerous and unsafe place, known to it, but unknown to them, is liable for injuries suffered thereby. p. 479.

7. PLEADING.—*Complaint.*—*Averment of Facts Showing Contributory Negligence.*—A complaint for negligence which avers specific facts affirmatively showing contributory negligence, is insufficient on demurrer. p. 480.

8. STREET RAILROADS. — *Passengers.* — *Alighting at Unsafe Place.*—*Contributory Negligence.*—A person attempting to alight from a street car on a city street, where the street is depressed, thus making a longer step to the surface than usual, is guilty of contributory negligence, where she has the same means of knowledge thereof as the street railroad company. p. 481.

9. NEGLIGENCE.—*Contributory.*—*Dangers.* — *Notice.* — *Presumptions.*—Plaintiff is presumed to see and heed what she could have seen, and a failure therein constitutes negligence on her part. p. 481.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by Louise Pressell against the Indianapolis Traction & Terminal Company. From a judgment on a verdict for $1,000, for plaintiff, defendant appeals. *Reversed.*

*F. Winter, Oscar Matthews* and *W. H. Latta,* for appellant.

*William V. Rooker,* for appellee.

WILEY, J.—Appellee's complaint is in three paragraphs, to each of which a demurrer was overruled. Appellant answered in two paragraphs, to the second of which a demurrer was overruled. Trial by jury; verdict and judgment for appellee. Appellant's motion for a new trial was overruled. All of the above rulings adverse to appellant are assigned as errors, and are discussed in the order named.

It is averred in the first paragraph of complaint that appellant owns and operates a system of street railways within the city of Indianapolis; that one of its lines is operated along and upon Martindale avenue, a public street in said city, and that said line intersects Twenty-third street at right angles; that on May 8, 1903, appellant was operating its cars over and along said line; that appellee boarded one of its cars at the intersection of Washington and Illinois streets, to be carried as a passenger to the intersection of said Twenty-third street; that at the point where appellee entered said car the street was paved with smooth and durable material to a point level with the top of the rail of appellant's track; that appellant accepted her as a passenger, and she was provided with, and directed to occupy, a seat in the rear of the car; that the sole and only exit from said car was at the side thereof, and over and by means of a single step permanently affixed to the side of the car, and extending the full length thereof; that said step was two feet above the top of the rail; that when the car approached the intersection of Twenty-third street and Martindale avenue she notified and informed appellant's servants, who were operating and in control of the car, that she desired to disembark; that said servants received said notice, and undertook, in compliance therewith, to stop, and they did stop, the car to enable her to alight therefrom, but that, "owing to the condition of the streets, and the surface of the earth at said point, said step stood at a point three feet above the level of the earth, upon which plaintiff was compelled to step in disembarking; that the defendant, notwithstanding its duty to furnish and provide a safe place of exit, * * * negligently, carelessly, and wrongfully failed and refused to furnish and provide any additional step or steps, or any contrivance other than said single step, whereby the egress of plaintiff from said car might be made in safety; that the plaintiff, in the due and proper exercise of care, attempted to disembark from said car at said point,

but because of said negligence of the defendant, and its failure and refusal to do and perform its said duties, this plaintiff was thrown, and fell heavily upon the earth," etc., whereby she was injured. Preceding the foregoing quotation it is averred: "That among the duties of said defendant and its said servants, in the operation of said cars on said line, * * * toward passengers in said cars, and persons seeking passage thereon, and passengers seeking egress therefrom, were the following, viz.: to provide for the safe receiving and discharging of passengers, and to exercise the strictest vigilance in setting them down safely, if human care and foresight can do so, including that said defendant should provide for the safe entry and exit of its patrons from its cars, and should exercise proper care with respect to its steps, platforms, approaches and places of entrance and exit."

The second paragraph of the complaint is identical with the first, except that it contains these additional averments, to wit, that appellant "should aid and assist those in disembarking who, owing to the exigencies of age, infirmity, or other visible cause, were unable properly and safely to disembark from said car in the time and at the place required by the defendant, and that it should aid and assist those in disembarking who, because of the elevation of the steps of the car above the surface of the earth contiguous to the place of the exit, were unable, without such aid and assistance, properly and safely to disembark from said car at the place required therefor by the defendant; that the plaintiff was a woman fifty years old, of stature five feet in height, and of weight between one hundred eighty-five and two hundred pounds, and by reason of the premises it became and was the duty of the defendant and its said servants to aid and assist her in disembarking from said car and to furnish and provide an additional step or steps upon which she could and might tread in disembarking from said car."

The third paragraph is substantially the same as the second, except that it contains additional allegations as follows, to wit: "That it should so construct and maintain its tracks and places of exit proximate thereto as that the surface of the earth contiguous to the track should be level with the top of said track and free from excavations and pit-falls which might and would imperil the safety of passengers in disembarking from said cars; that it so negligently, carelessly, and wrongfully constructed and maintained its track at said point as that the level at the top of said track was a long distance, to wit, one foot, higher than the surface of the street contiguous thereto, and said street at said point contained, and long prior thereto had contained, an excavation and pitfall, as the defendant and its said servants at the time well knew, or by the exercise of ordinary diligence on their part could and should have known."

Actionable negligence consists in the breach of some duty owing from the defendant to the plaintiff, by reason

1. of which plaintiff was injured. *Salem-Bedford Stone Co.* v. *O'Brien* (1895), 12 Ind. App. 217.

In *Faris* v. *Hoberg* (1893), 134 Ind. 269, 39 Am. St. 261, it was said: "In every case involving actionable negligence there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform that duty; (3) an injury to the plaintiff from such failure of the defendant. When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient." This court, in *Thiele* v. *McManus* (1891), 3 Ind. App. 132, said: "A complaint for personal injury through negligence must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of the injury, which

the defendant failed to perform or fulfill, and that the injury was occasioned by such failure." This was quoted with approval in *Faris* v. *Hoberg, supra.* Measured by these rules it should not be difficult to determine the sufficiency of the several paragraphs of the complaint.

By §5454 Burns 1901, §4147 R. S. 1881, it is required that a street railway track within city limits "shall conform exactly to the established grade of such street."

2. There is no allegation in the complaint that appellant's track at the place of injury did not conform to the established grade. We may assume, therefore, as against the pleading, that it did. There is no fact averred which shows a negligent construction or operation of the car, and neither is there any negligence charged as to the construction of the track. As appellee approached the point where she desired to alight, she gave the signal for the car to stop. She avers that it did stop, and that she immediately undertook to get off. It is not averred that the car stopped at any improper or dangerous place, or that there was a safer or more convenient place for it to stop. There are no facts pleaded from which it can be said that appellant could have anticipated, or with reasonable care have prevented, the accident. It appears from the complaint that the cause of the accident was the distance from the step of the car to the surface of the street, and that that distance was so great that appellee fell, etc. The surface of the street at that point was lower than the top of the rail. Assuming that the track was laid to conform to the established grade of the street, it appears that the surface of the street had not been maintained in that condition. Appellant is not charged with the maintenance of streets occupied by its tracks, outside of that part of the street actually occupied by it. It is not averred that appellant was old or infirm, or that she required any assistance in alighting from the car. Ordinarily it is not the duty of those in charge of a street car to aid passengers to get on and off, but such

duty would only arise where there is an apparent necessity for such assistance, and such necessity is brought to the attention of the servants. If there is any negligence charged in the first paragraph, it is the failure of appellant to furnish an extra step to enable appellee to alight safely. The facts exhibited do not justify us in holding that such a legal duty devolved upon appellant. In *Young* v. *Missouri Pac. R. Co.* (1902), 93 Mo. App. 267, it was said: "We know of no law, nor has our attention been called to any, which required the defendant to furnish portable steps for the use of its passengers in entering or leaving any of its cars." See, also, *Barney* v. *Hannibal, etc., R. Co.* (1895), 126 Mo. 372, 28 S. W. 1069, 26 L. R. A. 847; *Texas, etc., R. Co.* v. *Frey* (1901), 25 Tex. Civ. App. 386, 61 S. W. 442. In this paragraph there are no facts pleaded which show that there was any necessity existing which would require appellant to furnish an extra step at the place of the accident. What we have said as to the first paragraph applies with equal force to the second and third. It only remains for us to consider the additional averments of these two paragraphs.

The second proceeds upon the theory that it was appellant's duty to "assist those in disembarking who, owing to the exigencies of age, infirmity, or other visible cause, were unable properly and safely to disembark," etc. Also that it was its duty to "assist those in disembarking who, because of the elevation of the steps of the car above the surface of the earth contiguous to the place of the exit, were unable, without such aid and assistance, properly and safely to disembark * * * at the place and in the time required by the defendant." Under the conditions thus described, it may well be said that it might be the duty of the servants operating the car to render assistance, if they knew of the necessity. But because the complaint shows that appellant was only fifty years of age, was five feet in stature, and weighed from one hundred

NOVEMBER TERM, 1906.     479

Indianapolis Traction, etc., Co. *v.* Pressell—39 Ind. App. 472.

eighty-five to two hundred pounds, it does not follow as a conclusion that she was infirm, or unable to alight from the car, either on account of her age or weight, or because of the distance from the step to the street.

In the third paragraph an attempt is made to charge appellant with negligently constructing and maintaining its track at the place of the accident, so "that the top of said track was a long distance, to wit, one foot, higher than the surface of the street contiguous thereto," and that said street at said point contained, and long prior thereto had contained, an excavation and pitfall, as the defendant and its servants at the time knew, or by the exercise of ordinary diligence could or should have known.

This paragraph attempts to fix negligence upon appellant for the failure of its servants to render appellee assistance in disembarking. We do not need to repeat 4. what we have said in regard to the requirement of appellant to construct its track to conform to the grade of the street. Because the track at this point was one foot higher than the surface of the street, it does not necessarily follow that the track was not constructed upon the proper grade. As we have seen, appellant is not chargeable with the condition of the street, outside of that part of it which it occupies. So far, therefore, as these facts are concerned, no negligence is charged.

Neither does the fact that "an excavation or pitfall" was there present in the street render appellant liable for negligence under the facts pleaded, for appellee in no-5. wise connects her injury therewith. She simply avers that in attempting to alight she "fell heavily upon the earth," and not into the "pitfall."

We can readily see how liability might attach where a common carrier should stop its car at a dangerous and unsafe place for its passengers to alight, where it knew 6. of the danger, and conditions were such that its passengers could not see or appreciate the danger.

But such is not the case here. Neither paragraph of the complaint charges appellant with having created the alleged dangerous conditions.

Aside from these considerations, however, there is another reason why the complaint is not good. Since the passage of the act of 1899 (Acts 1899, p. 58, §359a 7. Burns 1901), the plaintiff in an action for personal injury is not required to allege or prove freedom from fault on his or her part. This statute, however, has not changed the ·common-law rule that where the facts specially alleged show that the plaintiff was guilty of negligence contributing to her injury, such complaint will not withstand the attack of the demurrer for want of facts. It is the universal rule that in an action for personal injuries contributory negligence on the part of the plaintiff will defeat recovery, and it matters not whether such contributory negligence is affirmatively shown by the complaint, or established by the evidence. Under the rule in this State, established by many authorities prior to the act of 1899, *supra*, in actions of this character, where the complaint alleged that the injury of which the plaintiff complains was sustained without any fault or negligence on his part, the complaint was adjudged sufficient in this respect, unless it clearly appeared from the facts specially alleged that the plaintiff was guilty of negligence which contributed to his injury. The decisions of the Supreme and this Court which affirm this rule are numerous, of which we cite the following: *Citizens St. R. Co.* v. *Sutton* (1897), 148 Ind. 169; *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 46 Am. Rep. 230; *Ohio, etc., R. Co.* v. *Walker* (1888), 113 Ind. 196, 3 Am. St. 638; *City of Elkhart* v. *Witman* (1890), 122 Ind. 538; *Louisville, etc., R. Co.* v. *Bates* (1897), 146 Ind. 564; *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609; *Wolfe* v. *Peirce* (1900), 24 Ind. App. 680; *Pierce* v. *Oliver* (1897), 18 Ind. App. 87; *Chicago, etc., R. Co.* v. *Wagner* (1897), 17 Ind. App. 22;

*Town of Gosport* v. *Evans* (1887), 112 Ind. 133, 2 Am. St. 164; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10.

In the case now before us, so far as the complaint shows, appellee had as good an opportunity as appellant or its servants to see, observe and know the conditions which confronted her, and to know as well as they whether such conditions were dangerous to her in her attempt to alight. A person cannot knowingly rush into danger, where there is no compulsion requiring such action, and then claim exemption from such action, and recover against a defendant, although the latter may have been negligent. The law requires a person to use his own faculties, so as to avoid danger, if he can reasonably do so, and a failure in that regard, if it contributes proximately to his injury, will prevent a recovery. *Salem-Bedford Stone Co.* v. *O'Brien, supra; Ohio, etc.; R. Co.* v. *Hill* (1889), 117 Ind. 56; *Morford* v. *Chicago, etc., R. Co.* (1902), 158 Ind. 494; *Pittsburgh, etc., R. Co.* v. *Fraze* (1898), 150 Ind. 576, 65 Am. St. 377; *Indianapolis St. R. Co.* v. *Tenner* (1904), 32 Ind. App. 311.

Another well-established rule is that appellee will be deemed actually to have seen what she could have seen, if she had looked; and also, if she did not look, or if she did look, but did not heed what she saw, such conduct was negligence on her part. The cases last cited are authority upon this point. These authorities applied to the facts which affirmatively appear in the complaint charge appellee, as a matter of law, with negligence which proximately contributed to her injury, and this being true, she cannot recover, and her complaint is fatally defective.

The judgment is reversed, and the trial court is directed to sustain the demurrer to each paragraph of the complaint.