INDIANA UNION TRACTION COMPANY *v.* BALES.

[No. 8,477. Filed February 13, 1915.]

1. CARRIERS.—*Injuries to Passengers.—Complaint.*—A complaint, in a passenger's action for injuries in alighting from an interurban car, which proceeded on the theory that the negligence consisted in suddenly starting the car while the plaintiff was alighting, and alleged facts showing that defendant stopped its car at a regular stopping place to allow passengers to alight, that plaintiff while attempting to leave the car was given insufficient time to do so, and that while in the act of alighting, without warning to him the car was started with a quick jerk

whereby he was thrown to the ground and injured, was sufficient on demurrer. p. 94.

2. CARRIERS.—*Injuries to Passengers.—Trial.—Instructions.*—In a passenger's action for injuries sustained in alighting from an interurban car, the court erred in giving an instruction on the duty owing to passengers alighting from cars, which in effect, made the defendant an insurer of the passenger's safety instead of requiring the highest degree of care practicable. p. 95.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Action by Elwood Bales against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. A. Van Osdol, L. B. Simmons, Kittinger & Diven,* for appellant.

*Aaron M. Walsh* and *Ashley G. Emshwiller,* for appellee.

IBACH, J.—Appellee sued appellant to recover damages for personal injuries, alleged to have been caused by the negligence of appellant. It is shown by the complaint that at the time of receiving his alleged injuries, he was a passenger on one of appellant's cars, and when such car was nearing his destination, he "had left his seat in said car and was proceeding in a careful and prudent manner to alight from said car and while said car was still standing he had stepped down the rear steps of said car, leading from the rear platform thereof to the ground, and had reached and was then standing upon the last or lower step attached to said platform, and just as plaintiff was in the act of stepping from said last step to the ground, but before he had proper or reasonable time to properly alight safely from said car and just as he had thrown the weight of his body outward and downward in the act of stepping from said car as aforesaid and without any warning or indication to do so, the said conductor and the said motorman having the said car in charge, and being then and there in the defendant's employ in such capacity, suddenly, carelessly and negligently and before plaintiff had proper and

reasonable time to alight as aforesaid, started said car in motion with a sudden quick jerk with such force, speed and momentum that the plaintiff was caused to lose control of himself and his body and he was then and there and thereby thrown from said car upon stone and niggerheads in the side ditch along the defendant's said railroad, with such force and momentum that his body was carried at a rapid gait, and against his will a distance of about 40 feet to and against a pole, by reason of all of which plaintiff was greatly injured.'' A demurrer to the complaint was overruled. A trial by jury resulted in a verdict for appellee. Over appellant's motion for a new trial judgment was rendered on the verdict.

The errors assigned for reversal are, overruling the demurrer to the complaint and overruling the motion for a new trial. It is insisted that the complaint is defective because the facts pleaded do not show appellant guilty of any negligence or that appellee was free from contributory negligence; that all the facts averred for the purpose of showing negligence on the part of the appellant are opposed to what is judicially known; in other words, they state a physical impossibility and such statements should therefore be treated as surplusage. Appellant has presented its position with an able argument, but after all we are satisfied that there are facts averred which show that appellant had stopped its car at a regular stopping place to allow passengers to alight therefrom, that appellee, while attempting to leave the car was given insufficient time to do so, and while in the act of alighting, without any warning to him, the car was negligently started with a quick jerk and he was thrown to the ground and injured. The complaint seems to proceed upon the theory that the negligence consisted rather in starting the car while appellee was alighting than in failing to stop the car a sufficient time to allow him to alight therefrom safely.

We need not decide the question of the sufficiency of the

evidence, in view of the fact that the judgment must be reversed on another ground. Yet, we are impressed with the significance of the arguments as to the improbability of appellee's injury taking place in the manner averred in the complaint and shown by the evidence.

At the request of appellee, the court gave the jury the following instruction: "You are instructed that an interurban railroad company and its employees in charge 2. of its cars are in duty bound to allow its passengers a reasonable length of time in which to alight in safety from its cars, but you are further instructed that if a car stops at a place where cars are accustomed to stop for passengers, a passenger desiring to alight has a right to assume that the car will remain standing long enough to enable all that desire to do so to safely alight from said car. You are instructed that stopping a reasonable time for a passenger to alight from such car is not sufficient, but it is the duty of the conductor or other person in charge of said car to see and know that no passenger is in the act of alighting from such car, or in a dangerous position, before putting the car of which he is in charge in motion again." An instruction identical to this one has already been considered both by the Supreme Court and this court, and the vice therein so clearly revealed, that we feel it unnecessary to further discuss it here. *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 453, 93 N. E. 5, 94 N. E. 768; *Caughell* v. *Indianapolis Traction, etc., Co.* (1912), 50 Ind. App. 5, 7, 97 N. E. 1028.

Other errors have been assigned and discussed, but as a new trial must be ordered, and as the same questions need not necessarily arise again, we pass them without further consideration. For the error in giving the instruction above referred to the judgment is reversed and the cause remanded for new trial.

NOTE.—Reported in 107 N. E. 682. As to passenger's contributory negligence in alighting from moving train, see 17 Am. St.

422. As to duty of railroad company to allow passenger time to board or alight from trains, see 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas. 1912 C 794. See, also, under (1) 6 Cyc. 626; (2) 6 Cyc. 590; 6 Cyc. 1913 Ann. 632–new.