## Terre Haut͡e, Indianapolis and Eastern Traction Company *v.* York.

### [No. 8,900. Filed January 6, 1916.]

1. Carriers.—*Passenger Alighting from Street Car.—Duty of Employes.*—Employes in charge of a street car must use the highest degree of care consistent with the mode of conveyance and the transaction of the business, to see and know that no passenger is alighting before starting the car, but they are not required to know that no passenger is in the act of alighting before putting the car in motion. p. 400.

2. Carriers.—*Passenger Alighting from Street Car.—Evidence.—Instructions.*—In a passenger's action for injuries sustained in alighting from a street car, the conductor's testimony that he saw plaintiff attempting to alight, that she stepped off before the car stopped, and that the car ran eight or ten feet after she stepped off, was not susceptible to the inference that the conductor saw plaintiff getting off the car after it had stopped, and in view of such evidence the error in an instruction, stating that employes in charge of street cars must know that no passenger is in the act of alighting before again putting the car in motion, can not be regarded as harmless. p. 401.

3. Carriers.—*Carriage of Passengers.—Street Cars.—Stopping Car on Signal.—Invitation to Passenger to Alight.—Instructions.*—An instruction to the jury that the stopping of a street car, at or near a regular stopping place, after a signal provided by the carrier to notify the agents in charge of the car that a passenger desires to alight at the next stop has been given or caused to be given by a passenger on such car, is an invitation to such passenger to alight and such passenger has a right to alight the instant such car stops, and to rely on such car not being started until a reasonable time for such passenger to alight has been given, was a correct general statement of what a passenger may understand from a stop at or near a regular stopping place after a signal has been given, since if the stop is for a purpose other than permitting the passenger to alight it would be the duty of those in charge to use measures to prevent passengers from alighting. p. 402.

From Parke Circuit Court; *Barton S. Aikman,* Judge.

Action by Emma J. York against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*McNutt, Wallace & Sanders* and *Maxwell & Mc-Faddin*, for appellant.

*Hamill, Hickey & Evans* and *Jacob S. White,* for appellee.

IBACH, C. J.—This was an action for damages for personal injuries alleged to have been caused by the negligence of appellant's servants operating one of its cars in the city of Terre Haute, in starting a car while appellee was alighting therefrom, and throwing her to the ground. Appellee recovered a verdict for $1,975 damages.

The errors assigned for reversal all arise on the overruling of appellant's motion for new trial.

1. One error assigned is the giving of instruction No. 15, at the request of appellee, as follows: "The law requires that employes of street railways, in charge of conveyances used for the transportation of passengers, to do more than to stop the cars reasonably long enough for passengers to alight safely from such cars. They must use the highest degree of care consistent with the mode of conveyance and the transaction of the business of such street railway, and know that no passenger is in the act of alighting from the car before putting it in motion again. If such employes fail in that respect, then such failure is imputed to the employer, and is actionable negligence on the part of the employer, and it is no excuse to show that the car on the particular occasion was operated in the usual manner." This instruction was erroneous in stating that employes in charge of street cars must know that no passenger is in the act of alighting from a car before putting it in motion again. What the law requires is the use of the highest degree of care consistent with the mode of conveyance and the transaction of the business, to see and know that no

passenger is alighting before starting the car, and the employes of the company are not held to the absolute duty laid down in the instruction. The Supreme Court and this court have several times considered instructions similar to this one, and held that their giving constituted reversible error. *Louisville, etc., Traction Co.* v. *Korbe* (1911), 175 Ind. 450, 93 N. E. 5, 94 N. E. 768; *Caughill* v. *Indianapolis Traction, etc., Co.* (1912), 50 Ind. App. 5, 97 N. E. 1028; *Indiana Union Traction Co.* v. *Bales* (1915), 58 Ind. App. 92, 107 N. E. 682.

Appellee's counsel contend that if erroneous, the instruction could do no harm, in this case, for they take the view that the evidence shows 2. that the conductor knew appellee was getting off the car when he started it. The conductor testified that he saw appellee attempting to alight, and that she stepped off before the car stopped, and the car ran eight or ten feet after she stepped off. This was the only evidence to the effect that he saw her when she alighted. The conductor's evidence, taken as a whole, disclosed an entirely different state of facts from that averred in the complaint, and to which the instruction was intended to apply. He testified that he saw appellee step off the car before it stopped. In order to hold the instruction harmless, we would have to say that, as a matter of law, the inference from the conductor's evidence is, that he saw appellee getting off the car after it stopped. We believe that this court in considering the evidence of the conductor must take it as a whole, and so taken, the inference contended for by appellee is not the natural inference therefrom. It does not appear that the error in giving instruction No. 15 was rendered harmless, and for its giving the judgment must be reversed.

Complaint is also made of instruction No. 16 in the following words: "The stopping of a street car, at or near a regular stopping place, operated by a carrier of passengers for hire, after a signal, provided by such carrier, to notify the agents in charge of such car that a passenger desires to alight at the next stop, has been given, or caused to be given by a passenger on such car, is an invitation to such passenger to alight and such passenger has a right to alight the instant such car stops, and to rely on such car not being started until a reasonable time for such passenger to alight has been given." It is objected that after a signal to stop has been given, circumstances may arise which would cause the motorman to stop the car near a regular stopping place, but not for the purpose of allowing the passenger to alight. However, we believe that the instruction is a correct general statement of what a passenger may understand from a stop at or near a regular stopping place, after a signal has been given, and that generally speaking, such a stop is an invitation to the passenger to alight, and that as street cars are of necessity operated with some despatch, it is an invitation to the passenger to alight instantly. If after a signal has been given, a stop near to the regular stopping place is made for some purpose other than to allow the passenger to alight, the duty would then be on the servants of the company in charge of the car to use measures to prevent passengers from then alighting. It is well known that street cars do not always stop at exactly the same spot, in reference to a regular stopping place. There may be conceivable cases in which an instruction in the terms of No. 16 would be inapplicable, but under the pleadings and evidence in this case, its giving was not error.

It is also contended that the court erred in the ad-

mission of certain evidence, for the reason that it was beyond the issues presented by the pleadings, but on new trial the appellee may easily amend her pleadings to make such evidence admissible, therefore we will not consider whether it was admissible under the pleadings in their present state. Judgment reversed, and cause remanded for new trial.

NOTE.—Reported in 110 N. E. 999. As to duties of employes of carriers of passengers on starting and stopping, see 7 Am. St. 832. As to duty to see that passenger has alighted before starting train at station, see 25 L. R. A. (N. S.) 217. As to duty of street car conductor to see that passenger is off before starting the car, see 11 L. R. A. (N. S.) 140. See, also, under (1, 3) 6 Cyc 616.