## Indiana Union Traction Company *v.* Bales.

### [No. 9,728. Filed February 14, 1919.]

1. Appeal.—*Review.—Verdict.—Conclusiveness.—Conflicting Evidence.*—Where there is evidence from which the jury might reasonably find or infer a fact, and they find accordingly, the court on appeal will not disturb the verdict because of other evidence in conflict with that on which the finding is made. p. 393.

2. Appeal.—*Review.—Refusal of Instructions.—Party Entitled to Object.*—Appellant cannot complain because the court refused instructions tendered by appellee. p. 394.

3. Appeal.—*Record.—Incorporating Instructions.—Signing.—Statute.*—Instructions not signed by the judge, as required by §561 Burns 1914, Acts 1907 p. 562, are not part of the record. p. 394.

4. Damages.—*Personal Injuries.—Excessive Damages.*—A verdict for $2,000 for the fracture of both bones of a leg above the ankle, causing an impairment of the ankle joint, which will probably result in a flattened foot, is not excessive, as the amount of recovery is not so large as to indicate that the jury acted from prejudice, partiality, or other improper motives in assessing the damages, as indicated by the fact that on the first trial of the cause the damages were fixed at $3,000. p. 394.

5. Damages.—*Assessment.—Province of the Jury.*—In an action for personal injuries sustained by a passenger on a railroad, it was the jury's exclusive province to fix the compensation to be awarded to plaintiff. p. 394.

From Delaware Superior Court; *Robert M. Van-Atta,* Judge.

Action by Elwood Bales against the Indiana Union Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. Van Osdol, William A. Kittenger, William S. Diven* and *Albert Diven,* for appellant.

*Aaron M. Waltz, Ashley G. Emshwiller, George W. Cromer* and *Harry Long,* for appellee.

McMahan, J.—This is the second time this cause

has been before this court. *Indiana Union Traction Co.* v. *Bales* (1915), 58 Ind. App. 92, 107 N. E. 682. The appellee sued to recover damages for injuries to his person, alleged to have been caused by the negligence of appellant. The complaint charges that, at the time he received the injuries, he was a passenger on one of appellant's cars, and that, when he had reached his destination and while he was in the act of alighting from the car, the appellant negligently started the car without giving him a reasonable time to get off, and that he was thrown from the car and had one of his legs broken, and was otherwise injured. Trial by jury, verdict and judgment for appellee for $2,000.

The only error assigned is the action of the court in overruling the motion for a new trial.

The sufficiency of the evidence to sustain the verdict, and the giving of instructions Nos. 10, 18, 19 and 24, given at the request of the appellee, are the only questions we are required to consider, as all others are expressly waived.

The theory of the complaint is that the appellant started its car while appellee was in the act of alighting therefrom and thereby injured him. Appellant says it is well aware of the rule that this court will not weigh conflicting evidence, but it says that the testimony of appellee raises no conflict; that this court is not called on to weigh the same, but merely to declare that it has no weight as evidence; that it is against all reasonable probabilities and is incredible as a matter of law. The evidence is conflicting. The appellee and one witness testified as to the manner in which he received his injury. A number of appellant's witnesses testified to a different state of facts, and,

although it might seem incredible that he was injured in the manner he claims he was, we are not at liberty to reverse the case because of conflicting testimony.

The general rule is that, if there is evidence from which the jury might reasonably find or infer a fact, and they find accordingly, this court will not

1. disturb the verdict because of other evidence which is in conflict with that on which the finding is made. *Toledo, etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185.

As said by the Supreme Court, in *Fort Wayne, etc., R. Co.* v. *Husselman* (1878), 65 Ind. 73: "Whether or not the evidence in any case is clear, or overwhelming, or conclusive, is a question for the jury trying the cause, and the judge presiding at such trial. When a jury have passed upon this question, and returned their verdict, and when the court, under whose eye and within whose hearing the evidence has been introduced and the cause has been tried, has refused to disturb the verdict upon the weight or sufficiency of the evidence, we are clearly of the opinion, that it is neither our province, nor our duty, to reverse the judgment of the trial court, merely because it may seem to us, from our reading of the record, that 'the evidence in support of the finding is clearly and overwhelmingly or conclusively contradicted.'" This language is quoted with approval in *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, 74 N. E. 504.

The appellant contends that the court erred in giving instructions Nos. 10, 18, 19 and 24 at the request of the appellee.

Appellee contends that no question is presented by the record relating to the giving of these several in-

structions, and calls our attention to the fifth cause assigned in the motion for a new trial, which reads as follows: "The court erred in *refusing to give* each of the instructions numbered 5, 8, 9, 11, 12, 17, 19, and 21 respectively, requested by plaintiff." This contention of appellee must prevail. The appellant is in no position to complain because the court refused to give an instruction tendered by the appellee. An attempt was made to bring the instructions into the record under §561 Burns 1914, Acts 1907 p. 652. Since neither the instructions tendered nor those given are signed by the judge as required by this statute, they are not in the record. *Tell City Canning Co.* v. *Wilbur* (1910), 46 Ind. App. 550, 93 N. E. 174; *Bottorff* v. *Bottorff* (1910), 45 Ind. App. 692, 61 N. E. 617.

It is finally claimed that the damages assessed are excessive. Both bones of the leg were broken about two and a half inches above the ankle. The ankle joint was involved, and resulted in a displacement of the foot. There was a permanent outward eversion of from fifteen to twenty degrees. The function of the ankle is about three-fourths normal, which will probably result in a flattened foot and an increase in the deformity. This case has been before two juries. On the first trial the damages were fixed at $3,000, while on the second trial they were placed at $2,000. This fact alone would seem to indicate that the jury did not act from prejudice, partiality or other improper motives in assessing the damages, and we cannot disturb their verdict. It was the exclusive province of the jury to fix the compensation to be awarded for the injury, and, in so far as we can judge, they did so without the intervention of any improper motive.

The trial judge was in a better position to weigh the evidence than we are, and, if he thought the damages were excessive, it was his duty to grant a new trial, and by refusing to do so he has in effect said to us that he is of the opinion that the damages are not excessive.

There was no error in overruling the motion for a new trial.

Judgment affirmed.