Union Traction Company of Indiana *v.* Haney.

[No. 10,843.    Filed October 7, 1921.    Rehearing denied March 9, 1922.    Transfer denied October 25, 1922.]

CARRIERS. — *Carriage of Passengers.* — *Injuries to Passenger Alighting from Street Car.*—*Action.*—*Complaint.*—*Sufficiency.* —In a passenger's action against a street railway company to recover for injuries sustained in alighting from a car, a complaint alleging that the place where the car stopped to permit passengers to alight was an unsafe place for the purpose because of the great distance from the step of the car to the pavement, that defendant had negligently constructed and maintained its tracks twenty-seven inches above the grade of the street, which required passengers alighting to step down a distance of more than three feet, that the danger was not apparent to a passenger about to alight, that plaintiff was ignorant of the unusually great distance between the car step and the pavement, and was not in a position to discover the danger, and that defendant, knowing the danger and that it was not apparent to plaintiff, failed to warn her, *held* sufficient to state a cause of action.

From Marion Circuit Court (30,514); *Louis B. Ewbank,* Judge.

Action by Phrone Haney against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. A. Van Osdol, Joseph R. Morgan, Frederick E. Matson, Ralph K. Kane, James A. Ross, Robert D. McCord* and *Adolph A. Schreiber,* for appellant.

*Edwin C. Boswell, James M. Ogden* and *H. Nathan Swain,* for appellee.

REMY, J.—Action to recover damages for personal injuries. Appellant operated an electric street railway from the city of Indianapolis to the town of Broad Ripple. Appellee was a passenger on one of appellant's cars which at the time was being operated northward along and upon College avenue in the city of Indianapolis. When the car reached Forty-fifth street, which was a regular stop, appellant at the request of appellee stopped the car for the purpose of permitting appellee to alight. Because of the alleged negligence of appellant in erecting and maintaining its tracks above the grade of the street, appellee while attempting to alight fell to the pavement and was injured.

The complaint is in two paragraphs, each of which was by the trial court held sufficient to withstand a demurrer for want of facts. There was an answer in denial. A trial by the jury resulted in a verdict for appellee.

The first paragraph of complaint charges in substance, among other things, that the place where appellant stopped its car for the purpose of enabling appellee to alight, was an unsafe place to discharge passengers because of the great distance from the step of the car to the pavement; that this distance was due to the fact that appellant had negligently erected and maintained the rails of its tracks twenty-seven inches above the

grade of the street, which fact would, and did, require appellee and all passengers attempting to alight to step down a distance of more than three feet from the step of the car to the pavement; that the danger was not apparent to a passenger who was attempting to alight from the street car, and that appellee, a woman, was at the time wholly ignorant of the fact that there was an unusually great distance between the steps of the car and the pavement at that point, and "was not in a position to discover such fact;" that appellant well knowing the condition and the danger involved in alighting from the car, and knowing that the danger was not apparent to appellee, stopped the car for the purpose of permitting appellee to alight, and negligently failed at the time to give appellee any warning of the danger.

The second paragraph is like the first, except that it contains the additional averment that appellant negligently failed to give or offer to appellee any assistance.

It is urged by appellant that in as much as there are no allegations in either paragraph of the complaint disclosing the usual circumstances in cases of this character, such as defective steps, darkness, obstructions, lurching of the car, etc.; and that since no physical infirmities of appellee are averred, the complaint does not show the existence of any duty on the part of appellant to protect appellee from injury. There is no merit in appellant's contention. If, as averred in each paragraph of the complaint, appellee was required to step down a distance of more than three feet from the step of the car to the pavement, not knowing that the tracks at that point were twenty-seven inches above the grade of the street, and not knowing the extraordinary distance she would be required to step, and was not in a position to discover the condition which it is alleged made it dangerous to passengers attempting to alight; and if, as averred, appellant did know these facts, and

did know that appellee was ignorant of the condition and danger to appellee should she attempt to alight, it is clear that appellant owed to appellee a duty to protect her, and was negligent in failing to warn her of the condition and danger.    The case of *Indianapolis Traction, etc., Co.* v. *Pressell* (1906), 39 Ind. App. 472, 77 N. E. 357, cited and relied upon by appellant, is readily distinguished from the case at bar.    In that case it was not averred that the tracks were constructed above grade, nor was it averred that the passenger, as was known to the street car company, was ignorant of the dangerous condition, and was in a position from which she was unable to discover the condition.    Each paragraph of the complaint states a cause of action.

The instructions given by the court, when taken as a whole, fairly state the law of the case.    Instructions requested by appellant, in so far as they correctly state the law, were covered by instructions given.

The verdict is sustained by the evidence.

Affirmed.