PUBLIC UTILITIES COMPANY *v.* WHITEHEAD.

[No. 11,143.   Filed March 28, 1923.]

1. CARRIERS.—*Carriage of Passengers.—Persons Alighting from Street Car.—Duty of Employes.*—It is the duty of employes in charge of a street car not only to stop the car a reasonable time to enable those desiring to alight therefrom to do so, but also to exercise reasonable care, when about to start the car, to see that no person is alighting and in such a position that injury might be reasonably expected if the car were then started. p. 86.

2. CARRIERS.—*Carriage of Passengers.—Personal Injuries.—Instructions.—Degrees of Care.*—In a passenger's action against a street car company for personal injuries, it was error to instruct the jury that the carrier was required to exercise the highest degree of care and was responsible for any injury resulting from the slighest negligence, since different degrees of care are not recognized. p. 87.

3. CARRIERS.—*Carriage of Passengers.—Personal Injuries.—Contributory Negligence.—Burden of Proof.*—In a passenger's action against a street car company for personal injuries, the burden of proving contributory negligence was upon the defendant. p. 87.

4. PARENT AND CHILD.—*Injury to Child.—Recovery for Services to Parent.*—An injured child twelve years of age cannot recover for herself the value to her parents of the services rendered in the home which she was prevented from rendering because of her injuries, though the value of such services could have been recovered by the parents. p. 87.

From Warrick Circuit Court; *Surpha A. Folsom,* Special Judge.

Action by Mildred Whitehead against the Public Utilities Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Robinson & Stilwell,* for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady,* for appellee.

ENLOE, J.—This was an action for damages by the appellee for personal injuries alleged to have been sustained by her, by reason of the alleged negligence of

appellant, while she was a passenger upon one of its cars.

The complaint was in two paragraphs to each of which appellant unsuccessfully demurred. There were answers to each paragraph in general denial. The issues thus formed were submitted to a jury for trial and resulted in a verdict for appellee, upon which, after a motion by appellant for a new trial had been overruled, judgment was duly rendered.

The alleged errors presented upon this appeal relate to: (a) The overruling of said demurrer to the second paragraph of said complaint; and (b) the overruling of the motion for a new trial.

The specific objection to said paragraph of complaint is that it does not allege that the conductor and motorman in charge of said car did not stop said car and keep the same standing a reasonable length of time to enable the appellee to alight therefrom in safety. The paragraph in question alleges that the appellant signaled the conductor to stop said car for her to alight; that when said car stopped appellee left her seat and proceeded to alight from said car; that in the process of leaving said car she had reached the rear platform and had stepped from the platform of said car down upon the step of said car and was in the act of stepping down upon the street when the conductor and motorman carelessly and negligently started said car, whereby she was thrown to the street with great force and violence and was thereby injured.

It was the duty of those in charge of said car not only to stop said car a reasonable time to enable those desiring to alight therefrom to do so, but also it was

1. their duty to exercise reasonable care, when about to start said car, to see that no person was then alighting from said car, and in such position that the injury might be reasonably expected, if such car

were then started.    This duty was formerly expressed as being, "the exercise of the highest degree of care," *Terre Haute, etc., Traction Co.* v. *York* (1916), 60 Ind. App. 399, 110 N. E. 999, but in the case of *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737, it was held that the duty was only that of exercising reasonable care. There was no error in overruling said demurrer.

Complaint is next made of certain instructions which the court gave to the jury, and in which the jury were told that, "the carrier is required to exercise the highest degree of care," and was responsible, "in the absence of negligence on the part of the passenger, for any injury resulting from the slightest negligence."    Since the decision in the Berry case, *supra,* degrees of care are not recognized in this state.    The instructions complained of were erroneous.

There was no error in refusing to give instruction No. 11 requested by appellant.    The burden of proving contributory negligence was upon appellant, and unless it discharged this burden to the extent that the jury could find from all the evidence in the case that appellee was guilty of contributory negligence, then the appellee would still be entitled, as to this issue, to a verdict in her favor.    The instruction requested, in effect, placed the burden upon her to establish freedom from such negligence and was therefore, erroneous.

At the time of the accident the appellee was twelve years of age and was attending school.    The complaint contains no allegation as to any employment or loss of wages.    Yet the court permitted, over the objection of appellant, testimony as to the value of her services.    This was error.    Not only because of lack of a proper averment in the complaint, as to loss of any wages by appellee, but because the testimony was

as to the value of appellee's services in the home working for her parents,—doing the usual work of a girl of her size and age. While the parents may .have suffered some damage from the loss of the services of their said daughter, she certainly did not suffer any pecuniary loss in that regard. The evidence was wholly incompetent in this case.

As for the foregoing errors, this cause must be reversed, other alleged errors, as to the sufficiency of the evidence, etc., need not be considered. The judgment is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings.