## Terre Haute, Indianapolis and Eastern Traction Company *v.* Angelo.

[No. 13,711.   Filed January 10, 1930.   Rehearing denied March 21, 1930.   Transfer denied January 11, 1933.]

*Walter & Hilleary* and *Beasley, Aikman, O'Brien & Beasley,* for appellant.

*George W. Wells* and *John O. Piety,* for appellee.

NICHOLS, J.—Action by appellee to recover damages on account of alleged personal injuries sustained by reason of alleged negligence of appellant in stopping its interurban car at a point where appellee alleged she was compelled to step a height of two and a half feet

to board appellant's car, on account of which she fell and injured herself.

Verdict was returned in appellee's favor and judgment rendered thereon in the sum of $500. This appeal is from said judgment after appellant's motion for a new trial was overruled.

The errors assigned are the court's action in overruling appellant's demurrer to the complaint and in overruling appellant's motion for a new trial.

It is averred, in substance, in the complaint that appellant, as a part of its system of railways, operated a line of interurban railway south from Terre Haute on the west side of a public highway known as the "Dixie Bee" for a distance of more than two miles; that about one-half mile south of the city limits appellant had, for more than two years prior to said date, established a stop known as Stop 1½ for the purpose of taking on and letting off passengers; that immediately on the east side of appellant's track at said stop appellant had filled in a space about ten feet long, north and south, and four or five feet wide, east and west, with earth and gravel, which served as a platform to enable passengers to get off and on its cars; that immediately south of said stop and said raised gravel, on the east side of said track and continuing south for a distance of more than 100 feet, the ground from the ends of the ties sloped down about eighteen inches from the top of the ties so that the ground east of the east end of the ties of said track and south of said station for said distance of 100 feet was about eighteen inches lower than the top of said ties and the top of said gravel at said stop where passengers got on and off of said cars; that about forty minutes after the noon hour on said day appellee went to said stop for the purpose of boarding one of appellant's cars; that a short time thereafter one of appellant's cars approached said stop

from the south, and she signaled appellant's motorman to take her on at said stop, but notwithstanding the signal she gave to the motorman he negligently failed to bring said car up to said stop and graveled platform and negligently stopped it at a point thirty feet south of said stop and graveled platform, and negligently invited appellee to come to said point to board said car by stopping it at said point for appellee to board; that pursuant to said invitation she went to said point and on account of the ground being below appellant's track as aforesaid she was compelled in boarding said car to step to a height of two feet and one-half, and while so doing her foot slipped on the step and she slipped and suffered injuries for which she asks damages; that appellant negligently failed to furnish appellee a step, stool, or anything to use in boarding said car at said time and place; that she has been confined to her bed ever since the receipt of her said injuries, and is now so confined in the hospital where she is being treated by a doctor for her said injuries; that on account of her injuries she has suffered and will continue to suffer as long as she lives great mental and physical pain and agony, and her said injuries are permanent; that appellant's servant, the conductor in charge of said car, was standing on said car at the south end thereof while appellee was trying to board it, and he saw her trying to get on said car and knew that it was dangerous for her to try to board it at such point without assistance, but notwithstanding his knowledge aforesaid he negligently failed to give appellee any assistance; that appellee received her said injuries on account of said negligent acts of appellant, and such negligent acts were the sole proximate cause of her injuries; that by reason of said injuries she has been damaged in all in the sum of $10,000, for which she demands judgment.

Appellant, contending that the court erred in over-

ruling its demurrer to the complaint and in overruling its motion for a new trial, makes the general statement that the complaint fails to allege actionable negligence on the part of appellant and that it does show that appellee was guilty of contributory negligence. It states but one authority to sustain its contention, *Indianapolis Traction & Terminal Co.* v. *Pressell* (1907), 39 Ind. App. 472, 77 N. E. 357. But the facts in that case are entirely different from the facts here involved. There the car was stopped at the regular stop in the city and the defect was in the street over which the company had no control. There was no allegation in that case, as here, that the car was stopped at an unusual and dangerous place or that there was any duty on the part of appellant because of conditions known to its servants to assist passengers in boarding or alighting from cars. In the instant case appellant had provided a safe place at which to board cars and to alight therefrom, but failed to stop at said place, but did stop at a place where the ground was lower and where it was dangerous to attempt to board a car without assistance because of the known conditions. It is well established that where a carrier stops a train or car at a dangerous or unsafe place it is bound to assist passengers to board or alight. It is to be kept in mind that a car, as here, as a rule stops for only a few seconds and a passenger has no opportunity to select her place of boarding it. She has to act quickly, as in an emergency, and the fact that she knows the steps are unreasonably high and yet attempts to board the car will not make her guilty of contributory negligence as a matter of law so as to preclude recovery. Clearly the complaint states a cause of action, and the evidence is amply sufficient to sustain the verdict of the jury. The following authorities fully sustain the conclusion which we have reached: *Indiana, etc., Co.* v. *Jacobs* (1906),

480

167 Ind. 85, 78 N. E. 325; *Illinois, etc., Co.* v. *Cheek*, 152 Ind. 663, 668, 53 N. E. 641; *New York, etc., Co.* v. *Doane*, 115 Ind. 435, 17 N. E. 913, 1 L. R. A. 157, 7 Am. St. Rep. 451; *Louisville, etc., R. Co.* v. *Bowman*, 208 Ky. 39, 270 S. W. 471; *Louisville, etc., R. Co.* v. *Dyer*, 152 Ky. 264, 153 S. W. 194, 48 L. R. A. (N. S.) 816. We find no error. The judgment is affirmed, and ten per cent damages in favor of appellee are assessed.