## WILEY v GREEN CAB COMPANY et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided December 7, 1931

Alexander H. Martin, Cleveland for plaintiff in error.

McConnell, Lind, Blackmore, Cory & Griffith, Cleveland, for defendant in error.

LEVINE, P.J.

Various assignments of error are set forth which we do not consider of importance. The one assignment of error which we deem of utmost importance in this case is an exception by plaintiff to the charge of the court eliminating from the case the allegation that the injuries complained of were caused by the wanton, willful, and criminal conduct of the defendant Herman Krantz.

The court instructed the jury to disregard the allegations in the petition which relate to the willful, wanton and intentional conduct of Herman Krantz, and to consider the case as a case of ordinary negligence only. The trial court apparently was of the opinion that there was no evidence tending to support the allegation of wanton, willful and intentional negligence on the part of Herman Krantz.

It is not necessary to confine our attention the mere fact that it was contended by the plaintiff that Herman Krantz violated the law in disregarding traffic lights, as there is evidence in the record that when the defendant Herman Krantz disregarded the traffic light at East 22nd and Central he was requested by the plaintiff, his passenger, to drive more slowly and carefully; that he gave no heed to the request and continued at a rapid rate of speed, and that despite the request of his passenger he sped across East 30th Street in disregard of the traffic light which was against him.

The court instructed the jury to disregard the allegation of the plaintiff's petition as to wanton and willful negligence on the part of Herman Krantz. We think the court erred in this, as it was within the province of the jury to consider this element of the case as an issue arising from the pleadings and supported by some evidence.

The distinction between an "intentional injury" and "willful and wanton negligence" is found to be as follows: An "intentional injury" usually implies a purpose to injure a particular person or persons; "wanton and willful negligence" is a reckless disregard of the safety of others without any particular intention to do injury to anyone.

When a passenger engages a taxicab for hire, the driver is within reasonable limits subject to the instructions of such passenger. It has accordingly been held that when a passenger of a taxicab discovers that the driver is operating in a careless manner, that a duty devolves upon the passenger to remonstrate and to demand more care in the operation of the taxicab.

When the plaintiff in this case demanded of Herman Krantz that he drive more slowly and carefully, she did so in the exercises of a duty imposed upon her by law. It likewise became his duty to give heed to the instruction of the passenger who hired his taxicab. If he fails to give heed to such reasonable request and instead continues at a rapid rate of speed and also continues to disregard the traffic regulations imposed by law, he is unquestionably guilty of negligence. When the trial court eliminated the allegation of wanton and willful negligence from this case, he in effect said to the jury that the request of the plaintiff of the driver to drive more slowly and carefully is not material to this case and that they may disregard this evidence, even if it be true.

This, in our opinion, affected the substan-

tial rights of the plaintiff, because if the court had permitted the jury to consider this element of the case, the jury would have been justified in finding that, were it not for the heedlessness on the part of the driver of the reasonable instruction given to him by his passenger to drive more carefully and slowly, the collision between the Green Taxicab, which was going east, and the Peerless car, which was going west, would not have occurred.

Both sides quote from the opinion of the Supreme Court in **Payne v Vance, 103 Oh St 59.** We shall quote from this opinion language pertinent to our discussion, and which is as follows:

"It is, of course, not necessary that the defendant should have knowledge of the peril of any particular person, or that he should have intended to do injury to some particular person, but on the other hand, any general knowledge or information that other persons are placed in a position of peril by his reckless and heedless conduct would amount to a willful tort. This doctrine is based upon the well known principle that a person is presumed to intend the natural and actual consequences of his acts. An illustration of this statement would be that of a person who would ride a wild and highly excited horse into a crowded street on a public festival day."

The judgment of the Common Pleas Court will be reversed and the cause remanded for a new trial.

WEYGANDT and VICKERY, JJ, concur.