HUDNUT *v.* INDIANA DELUXE CAB COMPANY.

[No. 14,482. Filed October 27, 1932. Rehearing denied February 23, 1933. Transfer denied January 4, 1934.]

*Albert T. Frantz* and *Shively & Arnold,* for appellant.
*John W. Niemiec,* for appellee.

Wood, C. J.—Appellant filed her complaint in the court below, to recover damages for personal injuries alleged to have been received by her while a passenger in a taxicab owned and operated by the appellee.

A demurrer was sustained to the complaint; appellant refused to plead further; judgment was rendered against her. She appeals, assigning as the only error for reversal the ruling on the demurrer.

The complaint alleged, in substance, that the appellee was a common carrier of passengers for hire by taxicab in and about the city of South Bend; that at about two o'clock in the afternoon on May 17, 1929, appellant engaged one of appellee's taxicabs to transport her from one place to another in said city; that upon arrival at her destination, because of automobiles being parked along the curb in front of the building where appellant wished to alight, the driver of appellee's taxicab was unable to drive same up to and flush with the curb at that point, and notwithstanding care, caution, and prudence in the delivery of a passenger would and ·did dictate to the defendant that said defendant should have operated its said taxicab for the purpose of coming to a stop and discharging the plaintiff as said passenger to the west of said parked cars, at said curb, and at the said curb and sidewalk, the defendant, in contravention of its duty in that behalf, stopped its said taxicab on a line with, but away from a parked car on the west side of the entrance of said building, and invited the plaintiff to alight from said cab at a point on the running board nearest to the curb, and advised the plaintiff to jump from the said running board to the curb; that said interval between the said running board and said curb was approximately four feet; that plaintiff observed a stream of water between the said taxicab and said curb, which would submerge her shoes and told the defendant's driver that she, the plaintiff, was unable to effect a jump from said running board to said curb, and asked that the said cab driver of the defendant negotiate some other contact to said curb; that the said defendant refused to do so and again urged and directed the plaintiff to alight by jumping from said running board to said curb; that in response to said direction of said defendant, as aforesaid, the plaintiff did attempt to effect landing on said

curb from said running board by jumping from said running board of said taxi cab, but slipped and fell against said curb and pavement suffering bodily injuries which are described in the complaint.

Appellant then summarizes the particulars in which the negligence of appellee brought about her injuries in the following language:

"1. The negligence of the defendant in failing to provide a safe and convenient place for plaintiff to alight from said taxicab, notwithstanding such were available to the defendant's cab driver as aforesaid.

"2. The failure and neglect of the defendant, at the time and place in question, to render any assistance to the plaintiff in her endeavors to alight from said taxicab.

"3. The negligence of the defendant in directing the plaintiff to alight from said taxicab by jumping from the running board to the curb at the point where defendant directed the plaintiff to alight therefrom, notwithstanding the plaintiff's remonstrances that she was unable, as she believed, to affect a landing upon said curb as aforesaid.

"4. Failure and negligence on the part of the defendant in refusing to propel its taxicab closer to said curb than four feet."

For the purposes of the demurrer, it admits all facts well pleaded, in the pleading to which it is directed, to be true. 1 Watson's Works and Practice, §542. From the facts set out in the complaint, it is clear that the appellee at the time of the commission of the acts complained of was a common carrier of passengers for hire, and was subject to all the liabilities of persons or companies engaged in that business. *Denny* v. *City of Muncie* (1925), 197 Ind. 28, 149 N. E. 639; *Van Hoeffen* v. *Columbia etc., Co.* (1913), 179 Mo. App. 591, 162 S. W. 694; *Carlton* v. *Boudar* (1916), 118

Va. 521, 88 S. E. 174, 4 A. L. R. 1480; *Finlayson* v. *Bryan* (1928), 56 N. D. 407, 217 N. W. 662; *Scales* v. *Boynton Cab Co.* (1929), 198 Wis. 293, 223 N. W. 836, 69 A. L. R. 978. It was the duty of appellee to exercise ordinary care for the safety of appellant while transporting her as a passenger in one of its taxicabs. *Union Traction Co.* v. *Berry* (1919), 188 Ind. 514, 121 N. E. 655; *Public Utilities Co.* v. *Whitehead* (1921), 78 Ind. App. 85, 134 N. E. 894.

The appellee had no right, interest in, or control over the streets and highways in the city in which it was operating its taxicabs differing from those of the general public, unless granted by some license or franchise of the city, and there is no allegation in the complaint that any such privilege had been conferred upon it. *Frick* v. *City of Gary* (1922), 192 Ind. 76, 135 N. E. 346; *Terre Haute, etc., Co.* v. *Evans* (1928), 87 Ind. App. 324, 161 N. E. 671; *Denny* v. *City of Muncie, supra.* It had no control over the conditions of the highway nor could it control the traffic. It could not control or secure absolute safety as to landing places for its passengers. *Terre Haute, etc., Co.* V. *Evans, supra.* The use of the streets and highways of a city to carry on a private business is a mere privilege and not a natural right. *Denny* v. *City of Muncie, supra.* Appellee, in the operation of its taxicabs did not operate them along any particular street or highway, between any particular points. It was not required to, nor did it maintain stations equipped with platforms or other conveniences for taking on and setting down passengers. From the very nature of its business, the taxicabs operated by appellee, and passengers carried by it, were compelled to be and were subjected to the hazards and perils incident and common to other vehicles occupying and using the public streets and highways of the city.

Since the appellee operated its taxicabs as above indi-

cated, it follows, that the duties owing by it to passengers alighting from them are not the same as those of commercial railroads, operating their cars and discharging their passengers on their own right of way over which they have complete control. *Terre Haute, etc., Co.* v. *Evans, supra.* The law presumes that the appellant had knowledge of these facts. When she entered the taxicab, the driver thereof was, within reasonable limitations, subject to her instructions. *Wiley* v. *Green Cab Co.* (1931), 41 Ohio App. 88, 179 N. E. 419.

As a rule there is no duty devolving upon the operator of a taxicab, to assist a passenger in entering or alighting therefrom unless there is some unusual danger or difficulty arising from the place or manner afforded for alighting, or the passenger is to the knowledge of the servant operating the taxicab, sick, infirm, feeble, or under some disability rendering assistance necessary. *Indianapolis, etc., Co.* v. *Pressell* (1906), 39 Ind. App. 472, 77 N. E. 357; *Finlayson* v. *Bryan, supra;* 10 C. J. p. 931.

Appellee, through no fault of its own, was unable to drive its taxicab along side and flush with the curb of the sidewalk in front of the building which was appellant's destination, because automobiles were parked there. Confronted with this situation, the driver sought another location for the appellant to alight, which, because of the interference of another automobile, was four feet from the curb. There is no allegation in the complaint, except perhaps by inference, that there was a more suitable or safer place for appellant to alight within reasonable proximity of her destination. Appellant was fully aware of the distance between the running board of the taxicab and the curb and that there was a stream of water along the curb which would submerge her shoes. All dangers and perils, if any, attendant upon her alighting at that place

were visible and known to appellant. When the driver advised the appellant to jump from the taxicab to the curb, she asserted her inability to do so. The driver refused to seek another location but urged and directed appellant to alight by jumping. There is no allegation in the complaint, that the urging and direction on behalf of the driver was in the nature of a command to jump, but if such was the case, still appellee could refuse, and inasmuch as she had the right to direct the destination of the taxicab, command the driver to move to some other location for the purpose of alighting. She was not compelled to alight in order to avoid a greater danger. With full knowledge of the surroundings and hazards confronting her, and after discussing with the driver, the possibility of successfully alighting upon the sidewalk in that manner, the appellant attempted to jump from the taxicab to the sidewalk and was injured. As very succinctly stated by this court in *Indianapolis, etc., Co.* v. *Pressell, supra.* "In the case now before us, so far as the complaint shows, appellee had as good an opportunity as appellant or its servants to see, observe and know the conditions which confronted her, and to know as well as they whether such conditions were dangerous to her in her attempt to alight. A person can not knowingly rush into danger, where there is no compulsion requiring such action, and recover against a defendant, although the latter may have been negligent. The law requires a person to use his own faculties, so as to avoid danger, if he can reasonably do so, and a failure in that regard, if it contributes proximately to his injury, will prevent a recovery."

Appellant was as capable as the driver of determining the hazards involved in attempting to jump from the taxicab to the curb. She was not directed or compelled to make the attempt in order to escape or avoid

the possibility of an apparently greater danger or risk. While the complaint alleges that the driver urged and directed appellant to jump, it does not allege that she was compelled to jump, so it must be concluded that she acted voluntarily. *Jeffersonville, etc., Co.* v. *Swift* (1866), 26 Ind. 459.

Conductors on commercial railroads have extensive power and authority even to the extent of directing and commanding the action of passengers. It is the duty of passengers on such railroads to obey the reasonable rules of its servants, upon the assumption that they are familiar with the operation of cars and have knowledge of what is required for safety while giving such instructions, but that duty does not require them to obey such directions, when the passenger has knowledge that obedience will lead to apparent danger. *Louisville, etc., Co.* v. *Kelley* (1883), 92 Ind. 371. This rule of law must apply with equal force in the instant case, for it cannot be successfully maintained that the driver of a taxicab is vested with any more power or authority than the conductor of a passenger train.

"While the negligence of the operator of an automobile is not chargeable to a passenger, still the passenger is bound to exercise such care for his own safety as the exigencies of the situation require. Where the passenger has an opportunity to do so, it is his duty to learn of danger and to avoid it if practicable." *Gilman* v. *Olsen et al.* (1928), 125 Ore. 1, 265 Pac. 439.

The complaint does not allege any facts from which it can be inferred that the appellee or its servant had any knowledge, because of the location of the taxicab, or any infirmities or disabilities of appellant that she was in need of assistance in alighting from the taxicab. No request for assistance is alleged.

We find no error and the judgment is affirmed.